**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Plaintiff-Appellee,**

v.

**Robert BROWN and Peggy Brown, Defendants-Appellants.**

**No. 81–4241.**

United States Court of Appeals, Fifth Circuit.

May 3, 1982.

W. Harvey Barton, John L. Hunter, Pascagoula, Miss., for defendants-appellants.

William M. Rainey, Gulfport, Miss., for plaintiff-appellee.

Before CLARK, Chief Judge, THORN-BERRY and GARZA, Circuit Judges.

PER CURIAM:

This diversity appeal presents an important issue of Mississippi law which is particularly appropriate for resolution by the Supreme Court of Mississippi. Thus, we defer decision in the cause and certify the issue to the Supreme Court of Mississippi.

Following our practice, we requested that the parties submit a proposed agreed statement of the facts and certificate of the question to be decided. *See West v. Caterpillar Tractor Co., Inc.*, 504 F.2d 967 (5th Cir. 1974). The parties, in response, have agreed on the statement and certificate.

Because resolution of the proposed certified issue could be determinative of the cause, because we find the Mississippi precedents as to the issue insufficiently clear, and because this certification procedure may provide the only means of allowing the Mississippi Supreme Court to authoritatively establish this rule of law, we hereby certify the issue to the Mississippi Supreme Court for such disposition as it deems appropriate.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF MISSISSIPPI, PURSUANT TO RULE 46, MISSISSIPPI SUPREME COURT RULES

TO THE SUPREME COURT OF MISSISSIPPI AND

THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that the above-styled case involves a question of Mississippi law which is determinative of the cause. There appears to be no precedent in the decisions of the Supreme Court of Mississippi which is controlling.

Under these circumstances, the United States Court of Appeals for the Fifth Circuit hereby certifies the following question of law to the Supreme Court of Mississippi for instructions concerning the question of law, based upon the facts recited hereinafter, pursuant to Rule 46 of the Mississippi Supreme Court Rules.

I.

CERTIFICATION OF THE STATEMENT OF FACTS

On December 5, 1979, the Appellants, Robert Brown and his wife, Peggy Ann Brown, were riding in a vehicle owned by Robert Brown and insured by Government Employees Insurance Company. At that time, they were approaching the intersection of Magnolia Street and Howard Street in Moss Point, Jackson County, Mississippi, when they were involved in a collision which took place with an alleged uninsured motorist, Betty J. Battles.

The policy of insurance which the Appellants had in full force and effect on the date of the accident provided, among other things, for payment of damages as a result of the injuries caused by the negligence of an uninsured motorist. While both insureds were involved in the automobile accident, it was Peggy Ann Brown who claimed the more serious injuries as a result of this accident and made a claim that her damages collectable from an uninsured motorist would exceed $30,000.00.

After this demand was made, the Appellees filed a Bill of Complaint alleging as their cause of action 28 U.S.C.A. Section 2201, commonly known as Federal Declaratory Judgment Action. This action was filed on February 25, 1981 to have the United States District Court for the Southern District of Mississippi define and construe the limits of liability clause under the uninsured motorist coverage of this policy.

In conjunction with the filing of the Declaratory Judgment action, the Appellee tendered the sum of $10,000.00 into the registry of the U.S. District Court propos-

ing that this was the total amount of coverage which would be provided under the policy of insurance.

Subsequent to the filing of the Declaratory Judgment action, the Appellants, Peggy Ann Brown and Robert Brown, each filed their own Declaration in the Circuit Court of Jackson County, Mississippi, on or about April 22, 1981. These actions were civil suits naming as Defendants, the uninsured motorist, Betty J. Battles, and the Appellee insurance company, Government Employees Insurance Company.

In conjunction with the filing of these lawsuits in the Circuit Court of Jackson County, Mississippi, the Appellants also filed a Motion to Dismiss the Declaratory Judgment action, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Thereafter, on May 5, 1981, Government Employees Insurance Company filed a Motion for Summary Judgment in the United States District Court based on their Declaratory Judgment action.

As a result of the hearings on both Motions filed, the United States District Court issued an order dated June 9, 1981, overruling the Brown's Motion to Dismiss and sustaining Government Employees Insurance Company's Motion for Summary Judgment. From that order, Appellants prosecuted their appeal to the Fifth Circuit Court of Appeals. The case was argued on February 4, 1982.

After studying the record, briefs of counsel and the applicable law, the Fifth Circuit Court of Appeals decided that certain unsettled questions of Mississippi law may control the disposition of this appeal. The question on which this Court seeks guidance is presented hereafter.

A certified copy of the applicable Government Employees Insurance Company policy 239–27–82 is attached to this certification as Exhibit "A". That policy reflects the premiums paid for uninsured motorist coverage and also contains the language with regard to the "limits of liability" for uninsured motorist coverage.[1]

## II.

### CERTIFIED QUESTION OF UNSETTLED LAW

1. Whether the language contained in this specific Government Employees Insurance Company policy under the "limits of liability" clause is sufficiently clear and unambiguous to prevent the aggregation of uninsured motorist coverage and limit liability to $10,000.00, where separate premiums are charged for more than one unit vehicle under a single policy.

---

1. Exhibit "A" has been deleted from the printed opinion at the court's direction. It contains Mr. Brown's Family Automobile Policy Endorsement Declaration, which provides for uninsured motorist coverage limited to $10,000.00 for each person and $20,000.00 for each accident, and indicates that premiums of $13.00, $9.70, and $9.70 for such coverage were paid respectively on the three vehicles insured under the same policy. The exhibit also contains the following "Limits of Liability" section from the master policy's provision for "Protection Against Uninsured Motorists":

   (a) Regardless of the number of automobiles or trailers to which this policy applies, the limit of liability for uninsured motorists coverage stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident; and, subject to the above provisions respecting each person, regardless of the number of automobiles or trailers to which this policy applies, the limit of liability stated in the declarations as applicable to "each accident" is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident.

## EXHIBIT A

A F F I D A V I T

I, C. A. Thomas, of Government Employees Insurance Company, a corporation organized and existing under the laws of the District of Columbia, do hereby certify that the attached copy of Family Automobile Policy Endorsement Declarations and policy contract form are identical to the Family Automobile Policy Endorsement Declarations and policy contract number 239-27-82 effective 12-23-78 to 12-23-79 issued to Robert Brown, policy address 9421 Hwy 63, Pascagoula Ms 39567 by Government Employees Insurance Company.

C. A. Thomas
Underwriting Manager

Subscribed and sworn before this 13th day of February, 1981.

Notary Public

My Commission Expires June 3, 1984
RESIDING IN JONES COUNTY, GA.

Family Automobile Policy Endorsement Declarations

| Policy Number | Date Issued | Endorsement Effective Date | Policy Period |
|---|---|---|---|
| 239-27-82 | 06-28-79 | 06-16-79 | From 12-23-78 To 12-23-79 |

12.01 A M Local Time at the address of the named insured

Item 1
Named Insured and Address
Robert Brown
9421 Hwy 63
Pascagoula Ms 39567

Item 1a. The insured auto(s) will be regularly garaged in the town and state shown in Item 1, except as noted here.

Rate Terr 06   Contract Type  A-02
Policy Amendments  A54MS

SPECIMEN

Coverage is provided only where a premium and a limit of liability is shown for the coverage.

| VEHICLE | YR | MAKE | SERIAL NUMBER | VEHICLE ENDORSEMENT FORMS | CLASS CODE |
|---|---|---|---|---|---|
| UNIT #1 | 78 | Ford 62 Symbol/Age | 8G87H328625 | UE316 | 1-N-22SM |
| UNIT #2 | 78 | Toyota . 52 Symbol/Age | TE51322696 |  | 0-N-  L |
| UNIT #3 | 79 | Ford/PU 71 Symbol/Age | F10BNEK4204 | UE316 | 1-N-  L |

|  | Coverages | Limits | Unit #1 | Unit #2 | Unit #3 |
|---|---|---|---|---|---|
|  |  |  | New 12 Month Premiums | | |
| 1 2 3 | Bodily Injury Liability Each Person/Each Occurrence | $25,000/$50,000 | $107.60 | $58.70 | $71.80 |
| 1 2 3 | Property Damage Liability | $10,000 | $65.20 | $35.60 | $43.50 |
| 1 2 3 | Medical Payments | $2,000 | $17.40 | $9.50 | $11.60 |
| 1 2 3 | Uninsured Motorists Each Person/Each Accidents | $10,000/$20,000 | $13.00 | $9.70 | $9.70 |
| 2 | Comprehensive | Non Ded. | $86.50 | $27.50 |  |
| 3 | Comprehensive | $100 Ded. |  |  | $37.90 |
| 2 | Collision | $200 Ded. | $133.50 | $60.60 |  |
| 3 | Collision | $250 Ded. |  |  | $53.10 |
|  | Total Unit Premiums |  | $423.20 | $201.60 | $227.60 |

Countersigned by Authorized Representative

**LOSS PAYABLE CLAUSE**

Loss or damage, if any, under the policy shall be payable as interest may appear to the Lienholder named on the reverse side hereof, and this insurance os to the interest of the Bailment Lessor, Conditional Vendor, Mortgagee or other secured party or Assignee of Bailment Lessor, Condition Vendor, Mortgagee or other secured party (herein called the Lienholder) shall not be invalidated by any act or neglect of the Lessee, Mortgagor Owner of the within described automobile or other Debtor nor by any change in the title or ownership of the property; provided however, that t conversion, embezzlement or secretion by the Lessee, Mortgagor, Purchaser or other Debtor in possession of the property insured under a bailm, lease, conditional sale, mortgage or other security agreement is not covered under such policy, unless specifically insured against and premium pa therefor· and provided, also, that in case the Lessee, Mortgagor, Owner or other Debtor shall neglect to pay any premium due under such policy tl Lienholder shall, on demand, pay the same.

Provided also, that the Lienholder shall notify the company of any change of ownership or increase of hazard which shall come to the knowledge of said Lienholder and, unless permitted by such policy, it shall be noted thereon and the Lienholder shall, on demand, pay the premium for such in creased hazard for the term of the use thereof; otherwise such policy shall be null and void.

The company reserves the right to cancel such policy at any time as provided by its terms, but in such case the company shall notify the Lienholder when not less than ten days thereafter such cancelation shall be effective as to the interest of said Lienholder therein and the company shall have tl right, on like notice, to cancel this agreement

If the insured fails to render proof of loss within the time granted in the policy conditions, such Lienholder shall do so within sixty days * thereafter, form and manner as provided by the policy, and further, shall be subject to the provisions of the policy relating to appraisal and time of payment and of bringing suit.

Whenever the company shall pay the Lienholder any sum for loss or damage under such policy and shall claim that, as to the Lessee, Mortgage Owner or other Debtor, no liability therefor existed, the company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the debt, or may at its option, pay to the Lienholder the whole principal due or to grow due on the mortgage or other security agreement with interest, and shall thereupon receive a full assignment and transfer of the mortgage or other security agreement and of all such other securities; but no subrogation shall impair the right of the Lienholder to recover the full amount of its claim

Whenever a payment of any nature becomes due under the policy, separate payment may be made to each party at interest provided the company protects the equity of all parties.

* In Texas "ninety-one days" is to be substituted for "sixty days."

UE-231 (6-69) (NAUA No. 5 lb & Tex. 112A)

Any claim under Section III of the policy will be paid jointly to the _insured_ and the Lienholder in the Declarations _Loss_ or damage caused by the fraudulent acts or omissions of an insured are not covered under this policy.

The Lienholder must notify us if he becomes aware of any increased hazard or change of ownership of the auto or he will lose all of his rights under this policy.

If the _insured_ fails to file with us a Proof of Loss within 91 days after the _loss_, the Lienholder must do so within the following * 60 days. The policy provisions on time of payment, appraisal and the right to sue GEICO apply both to the Lienholder and the _insured_ We may settle a claim at our option by separate payments to the insured and the Lienholder.

Whenever we pay the Lienholder, we shall be subrogated to the Lienholder's rights of recovery to the extent of the payment. If the policy is in effect as to the Lienholder but has been cancelled as to the _insured_, the Lienholder must assign the loan to us if we ask and we pay the full amount due

We will mail notice to the Lienholder at least 10 days before we cancel his interest in the policy.

*Texas - "91 days" is to be substituted for "60 days".

UE-316 (1-78)

**FAMILY AUTOMOBILE POLICY AMENDMENT**       A-54-MS

# GOVERNMENT EMPLOYEES INSURANCE COMPANY

*A Shareholder Owned Company –Not Affiliated with the United States Government*

**1705 L STREET, N. W., WASHINGTON, D. C. 20076**

**MISSISSIPPI**

We agree with you that the policy is amended as follows: SPECIMEN

## SECTION I – LIABILITY COVERAGES

1    Exclusion 1 is changed to read:  Bodily injury to any _insured_ or to any family member of an _insured_ residing in the _insured's_ household is not covered.

2.    Exclusion 12 is changed to delete subparagraphs (b) and (d).

## SECTION II – AUTO MEDICAL PAYMENTS COVERAGE

The following condition is added.

5.    SUBROGATION

When we make a payment under this coverage we will be subrogated (to the extent of payment made by us) to the rights of recovery the injured person or anyone receiving the payments may have against any person or organization.  Such person will do whatever is necessary to secure our rights and will do nothing to prejudice them.

## SECTION III – PHYSICAL DAMAGE COVERAGES

Coverage H – Comprehensive (excluding Collision)

We agree with you that the provisions of paragraph 1 are changed to read:

We will pay for _loss_ caused other than by collision to the owned or non-owned auto, less any deductible shown in the declarations.  This includes

Breakage of glass and _loss_ caused by fire, lightning, missiles, falling objects, theft, larceny, explosion, earthquake, windstorm, hail, water, flood, malicious mischief, vandalism, riot, civil commotion or colliding with a bird or animal

No deductible will apply to _loss_ caused by smoke, smudge, or damage sustained while the vehicle is being transported on any conveyance.

At the option of the _insured_, breakage of glass caused by collision may be paid under the collision coverage if included in the policy.

## SECTION IV – UNINSURED MOTORISTS COVERAGE

1.    We agree with you that the fifth paragraph of the Arbitration clause in Section IV is changed to read as follows,

Each party will pay his or its chosen arbitrator and will bear equally the expenses of the third arbitrator and all other expenses of the arbitration.  An award by any two arbitrators up to the per-person financial responsibility or compulsory liability insurance limit of the state in which the policy is rated shall be binding upon the parties.  When an award exceeds this per-person limit either party shall have the right to a trial on all the issues in a court of competent jurisdiction.  This right must be exercised within 60 days of the award  Where such right is exercised by either party, the judgment of the arbitrators shall not be binding on either party

SECTION V — GENERAL CONDITIONS

1.  Condition 6, Cancellation by GEICO.

    Subparagraphs (a) and (b) are changed to read:

    (a)   10 days in advance if the policy has been in effect for less than 60 days and is not a renewal; or if the proposed cancellation is for nonpayment of premium or any of its installments when due;

    (b)   20 days in advance in all other cases.

2.  Condition 7, Cancellation by GEICO Is Limited.

    This condition is replaced in its entirety by the following:

    After this policy has been in effect for 60 days or, if the policy is a renewal, effective immediately, we will not cancel except for either of the following reasons:

    (a)   You do not pay the initial or any additional premium for this policy or fail to pay any premium installment when due to us or our agent.

    (b)   The driver's license or motor vehicle registration of you or any customary operator or operator resident in your household has been suspended or revoked during the policy period, or if a renewal policy, during the policy period or the 180 days immediately prior to the renewal effective date.

    We will not cancel under this condition if you give us written notice of the suspension or revocation within 7 days of its occurrence and you direct us to exclude from coverage under this policy the person whose license was suspended or revoked Further use of the insured auto by an excluded driver will be grounds for immediate cancellation of this policy.

    We have the right to modify Comprehensive Coverage under Section III by including a deductible of up to $100.

    Our failure to cancel for either reason above will not require us to renew this policy.

3.  Condition 11, Terms of Policy Conformed to Statutes.

    This condition is changed to read   Any terms of this policy in conflict with the statutes of Mississippi are amended to conform to those statutes

IN WITNESS WHEREOF, the Government Employees Insurance Company has caused this amendment to be signed by the President and Secretary of the Company.

Secretary                    President

**A-2**

FAMILY AUTOMOBILE POLICY

**Government Employees Insurance Company**

A CAPITAL STOCK INSURANCE COMPANY
HEREIN CALLED THE COMPANY
Not Affiliated with the United States Government

INCORPORATED UNDER THE LAWS
OF THE DISTRICT OF COLUMBIA

AGREES with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium, if paid when due, and in reliance upon the statements in the declarations and subject to all the terms of this policy:

## PART I — LIABILITY

**Coverage A — Bodily Injury Liability;**

**Coverage B — Property Damage Liability:**

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

A. bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury", sustained by any person;

B. injury to or destruction of property, including loss of use thereof, hereinafter called "property damage";

arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, and the company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation and settlement of any claim or suit as it deems expedient.

**Supplementary Payments:** To pay, in addition to the applicable limits of liability:

(a) all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon;

(b) premiums on appeal bonds required in any such suit, premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy, and the cost of bail bonds required of the insured because of accident or traffic law violation arising out of the use of an automobile insured hereunder, not to exceed $100 per bail bond, but without any obligation to apply for or furnish any such bonds;

(c) expenses incurred by the insured for such immediate medical and surgical relief to others as shall be imperative at the time of an accident involving an automobile insured hereunder and not due to war;

(d) all reasonable expenses, other than loss of earnings, incurred by the insured at the company's request.

**Persons Insured:** The following are insureds under Part I:

(a) with respect to the owned automobile,

(1) the named insured and any resident of the same household,

(2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and

(3) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a) (1) or (2) above;

(b) with respect to a non-owned automobile,

(1) the named insured,

(2) any relative, but only with respect to a private passenger automobile or trailer,

provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission, and

(3) any other person or organization not owning or hiring the automobile, but only with respect to his or its liability because of acts or omissions of an insured under (b) (1) or (2) above.

The insurance afforded under Part I applies separately to each insured against whom claim is made or suit is brought, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability.

**Definitions:** Under Part I:

**"named Insured"** means the individual named in the declarations and also includes his spouse, if a resident of the same household;

**"insured"** means a person or organization described under "Persons Insured";

**"relative"** means a relative of the named insured who is a resident of the same household;

**"owned automobile"** means

(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded,

(b) a trailer owned by the named insured,

(c) a private passenger, farm or utility automobile ownership of which is acquired by the named insured during the policy period, provided

(1) it replaces an owned automobile as defined in (a) above, or

(2) the company insures all private passenger, farm, and utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company within 30 days after the date of such acquisition of his election to make this and no other policy issued by the company applicable to such automobile, or

(d) a temporary substitute automobile.

**"Temporary Substitute Automobile"** means any automobile or trailer, not owned by the named insured, while temporarily used with the permission of the owner as a substitute for the owned automobile or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;

**"Non-owned Automobile"** means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile;

**"Private Passenger Automobile"** means a four wheel private passenger, station wagon or jeep type automobile;

**"Farm Automobile"** means an automobile of the truck type with a load capacity of fifteen hundred pounds or less not used for business or commercial purposes other than farming;

**"Utility Automobile"** means an automobile, other than a farm automobile, with a load capacity of fifteen hundred pounds or less of the pick-up body, sedan delivery or panel truck type not used for business or commercial purposes;

**"Trailer"** means a trailer designed for use with a private passenger automobile, if not being used for business or commercial purposes with other than a private passenger, farm or utility automobile, or a farm wagon or farm implement while used with a farm automobile;

**"Automobile Business"** means the business or occupation of selling, repairing, servicing, storing or parking automobiles;

**"Use"** of an automobile includes the loading and unloading thereof;

**"War"** means war, whether or not declared, civil war, insurrection, rebellion or revolution, or any act or condition incident to any of the foregoing.

**Exclusions:** This policy does not apply under Part I:

(a) to any automobile while used as a public or livery conveyance, but this exclusion does not apply to the named insured with respect to bodily injury or property damage which results from the named insured's occupancy of a non-owned automobile other than as the operator thereof;

(b) to bodily injury or property damage caused intentionally by or at the direction of the insured;

(c) to bodily injury or property damage with respect to which an insured under this policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability;

(d) to bodily injury or property damage arising out of the operation of farm machinery;

(e) to bodily injury to any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured,

(f) to bodily injury to any fellow employee of the insured injured in the course of his employment if such injury arises out of the use of an automobile in the business of his employer, but this exclusion does not apply to the named insured with respect to injury sustained by any such fellow employee;

(g) to an owned automobile while used by any person while such person is employed or otherwise engaged in the automobile business, but this exclusion does not apply to the named insured, a resident of the same household as the named insured, a partnership in which the named insured or such resident is a partner, or any partner, agent or employee of the named insured, such resident or partnership;

(h) to a non-owned automobile while maintained or used by any person while such person is employed or otherwise engaged in (1) the automobile business of the insured or of any other person or organization, (2) any other business or occupation of the insured, but this exclusion (h) (2) does not apply to a private passenger automobile operated or occupied by the named insured or by his private chauffeur or domestic servant, or a trailer used therewith or with an owned automobile;

(i) to injury to or destruction of (1) property owned or transported by the insured or (2) property rented to or in charge of the insured other than a residence or private garage;

(j) to the ownership, maintenance, operation, use, loading or unloading of an automobile ownership of which is acquired by the named insured during the policy period or any temporary substitute automobile therefor, if the named insured has purchased other automobile liability insurance applicable to such automobile for which a specific premium charge has been made;

(k) to the following as insureds (1) the United States of America or any of its Agencies, or (2) any person, including the named insured, if protection is afforded such person under the provisions of the Federal Tort Claims Act

**Financial Responsibility Laws:** When this policy is certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.

**Limits of Liability:** Regardless of the number of automobiles or trailers to which this policy applies, the limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury sustained by one person as the result of any one occurrence; and, regardless of the number of automobiles or trailers to which this policy applies, the limit of such liability stated in the declarations as applicable to "each occurrence" is, subject to the above provision respecting each person, the total limit of the company's liability for all such damages arising out of bodily injury sustained by two or more persons as the result of any one occurrence.

The limit of property damage liability stated in the declarations as applicable to "each occurrence" is the total limit of the company's liability for all damages arising out of injury to or destruction of all property of one or more persons or organizations, including the loss of use thereof, as the result of any one occurrence, regardless of the number of automobiles or trailers to which this policy applies.

**Other Insurance:** If the insured has other insurance against a loss covered by Part I of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance.

## PART II — EXPENSES FOR MEDICAL SERVICES

**Coverage C — Medical Payments:** To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury", caused by accident, (a) while occupying the owned automobile, (b) while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission, or (c) through being struck by an automobile or by a trailer of any type;

Division 2. To or for any other person who sustains bodily injury, caused by accident, while occupying

(a) the owned automobile, while being used by the named insured, by any resident of the same household or by any other person with the permission of the named insured; or

(b) a non-owned automobile, if the bodily injury results from (1) its operation or occupancy by the named insured or its operation on his behalf by his private chauffeur or domestic servant, or (2) its operation or occupancy by a relative, provided it is a private passenger automobile or trailer,

but only if such operator or occupant has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission.

**Definitions:** The definitions under Part I apply to Part II, and under Part II· "occupying" means in or upon or entering into or alighting from.

**Exclusions:** This policy does not apply under Part II to bodily injury:

(a) sustained while occupying (1) an owned automobile while used as a public or livery conveyance, or (2) any vehicle while located for use as a residence or premises;

(b) sustained by the named insured or a relative while occupying or through being struck by (1) a farm type tractor or other equipment designed for use principally off public roads, while not upon public roads, or (2) a vehicle operated on rails or crawler-treads;

(c) sustained by any person other than the named insured or a relative, (1) while such person is occupying a non-owned automobile while used as a public or livery conveyance, or (2) resulting from the maintenance or use of a non-owned automobile by such person while employed or otherwise engaged in the automobile business, or (3) resulting from the maintenance or use of a non-owned automobile by such person while employed or otherwise engaged in any other business or occupation, unless the bodily injury results from the operation or occupancy of a private passenger automobile by the named insured or by his private chauffeur or domestic servant, or of a trailer used therewith or with an owned automobile;

(d) sustained by any person who is employed in the automobile business, if the accident arises out of the operation thereof and if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law;

(e) due to war.

**Limit of Liability:** The limit of liability for medical payments stated in the declarations as applicable to "each person" is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as the result of any one accident, regardless of the number of automobiles or trailers to which this policy applies.

**Other Insurance:** If there is other automobile medical payments insurance against a loss covered by Part II of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible automobile medical payments insurance; provided, however, the insurance with respect to a temporary substitute automobile or non owned automobile shall be excess insurance over any other valid and collectible automobile medical payments insurance.

## PART III — PHYSICAL DAMAGE

**Coverage H (1) — Comprehensive (Excluding Collision);**

**(2) — Personal Effects:**

(1) (a) To pay for loss caused other than by collision to the owned automobile or to a non-owned automobile. For the purpose of this coverage, breakage of glass and loss caused by missiles, falling objects, fire, theft or larceny, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion, or colliding with a bird or animal, shall not be deemed to be loss caused by collision.

(b) Where $50 deductible is indicated in the declarations as applicable hereto, $50 shall be deducted from the amount of each loss as to each automobile, other than loss by (a) fire or lightning, (b) smoke or smudge due to a sudden, unusual and faulty operation of any fixed heating equipment serving the premises in which the automobile is located, or (c) the stranding, sinking, burning, collision or derailment of any conveyance in or upon which the automobile is being transported.

If the policy affords insurance with respect to the Collision Coverage, breakage of glass caused by collision may, if the insured so elects, be treated as covered thereunder, subject to the terms thereof, instead of under the Comprehensive Coverage.

(2) To pay for loss caused by fire or lightning to robes, wearing apparel and other personal effects which are the property of the named insured or a relative, while such effects are in or upon the owned automobile.

**Coverage D (1) — Fire, Lightning and Transportation;**

**(2) — Theft;**

**(3) — Combined Additional Coverage:**

(1) To pay for loss to the owned automobile or a non-owned automobile, caused (a) by fire or lightning, (b) by smoke or smudge due to a sudden, unusual and faulty operation of any fixed heating equipment serving the premises in which the automobile is located, or (c) by the stranding, sinking, burning, collision or derailment of any conveyance in or upon which the automobile is being transported.

(2) To pay for loss to the owned automobile or to a non-owned automobile caused by theft or larceny.

(3) To pay for loss to the owned automobile or a non-owned automobile caused by windstorm, hail, earthquake, explosion, riot or civil commotion, or the forced landing or falling of any aircraft or its parts or equipment, flood or rising waters, malicious mischief or vandalism, external discharge or leakage of water except loss resulting from rain, snow or sleet whether or not wind-driven; provided, with respect to each automobile $25 shall be deducted from each loss caused by malicious mischief or vandalism.

**Coverage E — Collision:** To pay for loss caused by collision to the owned automobile or to a non-owned automobile but only for the amount of each such loss in excess of the deductible amount stated in the declarations as applicable hereto. The deductible amount shall not apply to loss caused by a collision with another automobile insured by the company.

**Coverage I — Towing and Labor Costs:** To pay for towing and labor costs necessitated by the disablement of the owned automobile or of any non-owned automobile, provided the labor is performed at the place of disablement.

**Supplementary Payments:** In addition to the applicable limit of liability:

(a) to reimburse the insured for transportation expenses incurred during the period commencing 48 hours after a theft covered by this policy of the entire automobile has been reported to the company and the police, and terminating when the automobile is returned to use or the company pays for the loss; provided that the company shall not be obligated to pay aggregate expenses in excess of $10 per day or totaling more than $300.

(b) to pay general average and salvage charges for which the insured becomes legally liable, as to the automobile being transported.

**Definitions:** The definitions of "named insured", "relative", "temporary substitute automobile", "private passenger automobile", "farm automobile", "utility automobile", "automobile business", "war", and "owned automobile" in Part I apply to Part III, but "owned automobile" does not include, under Part III, (1) a trailer owned by the named insured on the effective date of this policy and not described herein, or (2) a trailer ownership of which is acquired during the policy period unless the company insures all private passenger, farm and utility automobiles and trailers owned by the named insured on the date of such acquisition and the named insured notifies the company within 30 days after the date of such acquisition of his election to make this and no other policy issued by the company applicable to such trailer.

"Insured" means (a) with respect to an owned automobile, (1) the named insured, and (2) any person or organization (other than a person or organization employed or otherwise engaged in the automobile business or as a carrier or other bailee for hire) maintaining, using or having custody of said automobile with the permission of the named insured and within the scope of such permission; (b) with respect to a non-owned automobile, the named insured and any relative while using such automobile, provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission;

"non-owned automobile" means a private passenger automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile, while said automobile or trailer is in the possession or custody of the insured or is being operated by him;

"loss" means direct and accidental loss of or damage to (a) the automobile, including its equipment, or (b) other insured property;

"collision" means collision of an automobile covered by this policy with another object or with a vehicle to which it is attached or by upset of such automobile;

"trailer" means a trailer designed for use with a private passenger automobile, if not being used for business or commercial purposes with other than a private passenger, farm or utility automobile, and if not a home, office, store, display or passenger trailer.

**Exclusions:** This policy does not apply under Part III:

(a) to any automobile while used as a public or livery conveyance;

(b) to loss due to war;

(c) to loss to a non-owned automobile arising out of its use by the insured while he is employed or otherwise engaged in the automobile business;

(d) to loss to a private passenger, farm or utility automobile or trailer owned by the named insured and not described in this policy or to any temporary substitute automobile therefor, if the insured has other valid and collectible insurance against such loss;

(e) to damage which is due and confined to wear and tear, freezing, mechanical or electrical breakdown or failure, unless such damage results from a theft covered by this policy;

(f) to tires, unless damaged by fire, malicious mischief or vandalism, or stolen or unless the loss be coincident with and from the same cause as other loss covered by this policy;

(g) to loss due to radioactive contamination;

(h) under Coverage E, to breakage of glass if insurance with respect to such breakage is otherwise afforded.

**Limit of Liability:** The limit of the company's liability for loss shall not exceed the actual cash value of the property, or if the loss is of a part thereof the actual cash value of such part, at time of loss, nor what it would then cost to repair or replace the property or such part thereof with other of like kind and quality, nor, with respect to an owned automobile described in this policy, the applicable limit of liability stated in the declarations, provided, however, the limit of the company's liability (a) for loss to personal effects arising out of any one occurrence is $100, and (b) for loss to any trailer not owned by the named insured is $500.

**Other Insurance:** If the insured has other insurance against a loss covered by Part III of this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability of this policy bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance.

## PART IV — PROTECTION AGAINST UNINSURED MOTORISTS

**Coverage J — Uninsured Motorists (Damages for Bodily Injury):**

To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury", sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.

No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company.

**Definitions:** The definitions under Part I, apply to Part IV, except the following definitions:

(a) "Insured" means:

(1) the named insured as stated in the policy (herein also referred to as the "principal named insured") and any person designated as named insured in the schedule and, while residents of the same household, the spouse of any such named insured and relatives of either;

(2) any other person while occupying an insured automobile; and

(3) any person, with respect to damages he is entitled to recover because of bodily injury to which this policy applies sustained by an insured under (1) or (2) above.

The insurance applies separately with respect to each insured, but the application of the insurance to more than one insured shall not operate to increase the limits of the company's liability.

(b) "Insured automobile" means an automobile:

(1) described in the schedule as an insured automobile to which the bodily injury liability coverage of the policy applies;

(2) while temporarily used as a substitute for an insured automobile as described in subparagraph (1) above, when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;

(3) while being operated by a named insured, or by his spouse if a resident of the same household,

but the term "insured automobile" shall not include:

(i) an automobile while used as a public or livery conveyance;

(ii) an automobile while being used without the permission of the owner;

(iii) under subparagraphs (2) and (3) above, an automobile owned by the principal named insured or by any named insured designated in the schedule or by any resident of the same household as such insured; or

(iv) under subparagraphs (2) and (3) above, an automobile furnished for the regular use of the principal named insured or any resident of the same household.

(c) "Uninsured automobile" means:

(1) an automobile with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same is or becomes insolvent or denies coverage thereunder, or

(2) a hit-and-run automobile as defined;

but the term "uninsured automobile" shall not include:

(i) an insured automobile,

(ii) an automobile which is owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law,

(iii) an automobile which is owned by the United States of America, Canada, a state, a political subdivision of any such government or an agency of any of the foregoing,

(iv) a land motor vehicle or trailer, if operated on rails or crawler-treads or while located for use as a residence or premises and not as a vehicle, or

(v) a farm type tractor or equipment designed for use principally off public roads, except while actually upon public roads.

(d) "Hit-and-run automobile" means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (1) there cannot be ascertained the identity of either the operator or the owner of such "hit-and-run automobile"; (2) the insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within 30 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof, and (3) at the company's request, the insured or his legal representative makes available for inspection the automobile which the insured was occupying at the time of the accident.

(e) **Occupying.** The word "occupying" means in or upon or entering into or alighting from.

(f) **State.** The word "state" includes the District of Columbia, a territory or possession of the United States, and a province of Canada.

**Exclusion:** This policy does not apply under Part IV:

(a) to bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this policy shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor;

(b) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by a named insured or any relative resident in the same household, or through being struck by such an automobile, but this exclusion does not apply to the principal named insured or his relatives while occupying or if struck by an automobile owned by an insured named in the schedule or his relatives;

(c) so as to inure directly or indirectly to the benefit of any workmen's compensation or disability benefits carrier or any person or organization qualifying as a self-insurer under any workmen's compensation or disability benefits law or any similar law;

(d) to the following as an insured: The United States of America or any of its Agencies.

**Limits of Liability:**

(a) Regardless of the number of automobiles or trailers to which this policy applies, the limit of liability for uninsured motorists coverage stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident; and, subject to the above provisions respecting each person, regardless of the number of automobiles or trailers to which this policy applies, the limit of liability stated in the declarations as applicable to "each accident" is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident.

(b) Any amount payable under the terms of this Part because of bodily injury sustained in an accident by a person who is an insured under this Part shall be reduced by

(1) all sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured automobile and (ii) any other person or organization jointly or severally liable together with such owner or operator for such bodily injury including all sums paid under Coverage A, and

(2) the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law, disability benefits law or any similar law.

(c) Any payment made under this Part to or for any insured shall be applied in reduction of the amount of damages which he may be entitled to recover from any person insured under Coverage A.

(d) The company shall not be obligated to pay under this Coverage that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured automobile which represents expenses for medical services paid or payable under Part II.

**Other Insurance:** With respect to bodily injury to an insured while occupying an automobile not owned by the principal named insured, the insurance under Part IV shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance

Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.

**Arbitration:** If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Part.

**Trust Agreement:** In the event of payment to any person under this Part:

(a) the company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made;

(b) such person shall hold in trust for the benefit of the company all rights of recovery which he shall have against such other person or organization because of the damages which are the subject of claim made under this Part;

(c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;

(d) if requested in writing by the company, such person shall take, through any representative designated by the company, such actions as may be necessary or appropriate to recover such payment as damages from such other person or organization, such action to be taken in the name of such person; in the event of a recovery, the company shall be reimbursed out of such recovery for expenses, costs and attorneys' fees incurred by it in connection therewith;

(e) such person shall execute and deliver to the company such instruments and papers as may be appropriate to secure the rights and obligations of such person and the company established by this provision.

## CONDITIONS

Condition 1, 2, 3, 6, 14 through 20 apply to all Parts. Conditions 4, 5, 7, through 13 apply only to the Parts noted thereunder.

**1. Policy Period, Territory — Parts I, II, III:** This policy applies only to accidents, occurrences and loss during the policy period while the automobile is within the United States of America, its territories or possessions, or Canada, or is being transported between ports thereof.

**Part IV:** This policy applies only to accidents which occur on and after the effective date hereof, during the policy period and within the United States of America, its territories or possessions, or Canada.

**Parts I, II and IV:** This policy shall expire as shown in the declarations except that it may be continued in force for successive policy periods by the offer of the Company to renew and the acceptance of such offer by the insured prior to the expiration date. Each policy period shall be for twelve (12) calendar months, and each shall begin and expire at 12:01 A.M., Standard Time at the address of the named insured as shown in the declarations.

**Part III:** This policy shall expire as shown in the declarations except that it may be continued in force for successive policy periods by the offer of the Company to renew and the acceptance of such offer by the insured prior to the expiration date. Each policy period shall be for at least twelve (12) calendar months, but may be written for up to thirty-six (36) calendar months, and each shall begin and expire at 12:01 A.M., Standard Time at the address of the named insured as shown in the declarations.

**2. Premium — Parts I, II, III:** If the named insured disposes of, acquires ownership of, or replaces a private passenger, farm or utility automobile or, with respect to Part III, a trailer, any premium adjustment necessary shall be made as of the date of such change in accordance with the manuals in use by the company. The named insured shall, upon request, furnish reasonable proof of the number of such automobiles or trailers and a description thereof.

**Part IV:** If during the policy period the number of insured automobiles owned by the principal named insured or spouse or the number of dealer's license plates issued to the principal named insured changes, such named insured shall notify the company during the policy period of any change and the premium shall be adjusted in accordance with the manuals in use by the company. If the earned premium thus computed exceeds the advance premium paid, such named insured shall pay the excess to the company, if less, the company shall return to such named insured the unearned portion paid by such insured

**3. Notice:** In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable. In the event of theft the insured shall also promptly notify the police. If claim is made or suit is brought against the insured, he shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

**Part IV:** If, before the company makes payment of loss hereunder, the insured or his legal representative shall institute any legal action for bodily injury against any person or organization legally responsible for the use of an automobile involved in the accident, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded immediately to the company by the insured or his legal representative.

**4. Two or More Automobiles — Parts I, II and III:** When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each, but an automobile and a trailer attached thereto shall be held to be one automobile as respects limits of liability under Part I of this policy, and separate automobiles under Part III of this policy, including any deductible provisions applicable thereto

**5. Assistance and Cooperation of the Insured — Parts I and III:** The insured shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits and, in enforcing any right of contribution or indemnity against any person or organization who may be liable to the insured because of bodily injury, property damage or loss with respect to which insurance is afforded under this policy; and the insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident.

**Part IV:** After notice of claim under Part IV, the company may require the insured to take such action as may be necessary or appropriate to preserve his right to recover damages from any person or organization alleged to be legally responsible for the bodily injury; and in any action against the company, the company may require the insured to join such person or organization as a party defendant.

**6. Action Against Company — Part I:** No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the company as a party to any action against the insured to determine the insured's liability, nor shall the company be impleaded by the insured or his legal representative. Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder

**Parts II and III:** No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy nor, under Part III, until thirty days after proof of loss is filed and the amount of loss is determined as provided in this policy.

**Part IV:** No action shall lie against the company unless, as a condition precedent thereto, the insured or his legal representative has fully complied with all the terms of this policy

**7. Medical Reports; Proof and Payment of Claim — Part II:** As soon as practicable the injured person or someone on his behalf shall give to the company written proof of claim, under oath if required, and shall, after each request from the company, execute authorization to enable the company to obtain medical reports and copies of records. The injured person shall submit to physical examination by physicians selected by the company when and as often as the company may reasonably require.

The company may pay the injured person or any person or organization rendering the services and such payment shall reduce the amount payable hereunder for such injury. Payment hereunder shall not constitute an admission of liability of any person or, except hereunder, of the company.

**8. Insured's Duties in Event of Loss — Part III:** In the event of loss the insured shall:

(a) protect the automobile, whether or not the loss is covered by this policy, and any further loss due to the insured's failure to protect shall not be recoverable under this policy; reasonable expenses incurred in affording such protection shall be deemed incurred at the company's request;

(b) file with the company, within 91 days after loss, his sworn proof of loss in such form and including such information as the company may reasonably require and shall, upon the company's request, exhibit the damaged property and submit to examination under oath.

**9. Proof of Claim; Medical Reports — Part IV:** As soon as practicable, the insured or other person making claim shall give to the company written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable. The insured and every other person making claim shall submit to examinations under oath by any person named by the company and subscribe the same, as often as may reasonably be required. Proof of claim shall be made upon forms furnished by the company unless the company shall have failed to furnish such forms within 15 days after receiving notice of claim.

The injured person shall submit to physical examinations by physicians selected by the company when and as often as the company may reasonably require and he, or in the event of his incapacity his legal representative, or in the event of his death his legal representative or the person or persons entitled to sue therefor, shall upon each request from the company execute authorization to enable the company to obtain med. reports and copies of records.

**10. Appraisal — Part III:** If the insured and the company fail to agree as to the amount of loss, either may, within 60 days after proof of loss is filed, demand an appraisal of the loss. In such event the insured and the company shall each select a competent appraiser, and the appraisers shall select a competent and disinterested umpire. The appraisers shall state separately the actual cash value and the amount of loss and failing to agree shall submit their differences to the umpire. An award in writing of any two shall determine the amount of loss. The insured and the company shall each pay his chosen appraiser and shall bear equally the other expenses of the appraisal and umpire.

The company shall not be held to have waived any of its rights by any act relating to appraisal.

**11. Payment of Loss — Part III:** The company may pay for the loss in money; or may repair or replace the damaged or stolen property; or may, at any time before the loss is paid or the property is so replaced, at its expense return any stolen property to the named insured, or at its option to the address shown in the declarations, with payment for any resultant damage thereto; or may take all or such part of the property at the agreed or appraised value but there shall be no abandonment to the company. The company may settle any claim for loss either with the insured or the owner of the property.

**Part IV:** Any amount due is payable (a) to the insured, or (b) if the insured be a minor to his parent or guardian, or (c) if the insured be deceased to his surviving spouse, otherwise (d) to a person authorized by law to receive such payment or to a person legally entitled to recover the damages which the payment represents, provided, the company may at its option pay any amount due in accordance with division (d) hereof.

**12. No Benefit to Bailee — Part III:** The insurance afforded by this policy shall not inure directly or indirectly to the benefit of any carrier or other bailee for hire liable for loss to the automobile.

**13. Subrogation — Parts I and III:** In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights.

**14. Changes:** Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy, signed by an authorized representative of the company.

**15. Assignment:** Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon, if, however, the insured named in the declarations, or his spouse if a resident of the same household, shall die, this policy shall cover (1) the survivor as named insured, (2) his legal representative as named insured but only while acting within the scope of his duties as such, (3) any person having proper temporary custody of an owned automobile, as an insured, until the appointment and qualification of such legal representative, and (4) under division 1 of Part II any person who was a relative at the time of such death.

**16. Cancellation:** This policy may be cancelled by the insured named in the declarations by mailing to the company written notice stating when thereafter the cancellation shall be effective.

This policy may be cancelled by the company by mailing to the insured named in the declarations at the address shown in this policy, written notice stating when not less than thirty days thereafter such cancellation shall be effective; provided that,

1. if the named insured fails to discharge when due any of his obligations in connection with the payment of premium for this policy or any installment thereof, whether payable directly to the company or its agent or indirectly under any premium finance plan or extension of credit, or

2. if this policy has been in effect less than sixty days at the time notice of cancellation is mailed and this is not a renewal policy,

this policy may be cancelled by the company by mailing to such insured written notice stating when not less than ten days thereafter such cancellation shall be effective.

The mailing of notice as aforesaid shall be sufficient proof of notice. The effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by such insured or by the company shall be equivalent to mailing.

If such insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation.

**17. Cancellation by Company Limited:** After this policy has been in effect for sixty days or, if this policy is a renewal, effective immediately, the company shall not exercise its right to cancel the insurance unless:
1. the named insured fails to discharge when due any of his obligations in connection with the payment of premium for this policy or any installment thereof, whether payable directly to the company or its agent or indirectly under any premium finance plan or extension of credit; or
2. the driver's license or motor vehicle registration of the named insured or of any other operator who either resides in the same household or customarily operates an automobile insured under this policy has been under suspension or revocation during the policy period;

provided that the company shall have the right to modify any physical damage coverage afforded by this policy (except coverage for loss caused by collision) by inclusion of a deductible not exceeding $100.

**18. Renewal:** If the company elects not to renew this policy, it shall mail to the insured named in the declarations, at the address shown in this policy, written notice of such nonrenewal not less than thirty days prior to the expiration date; provided that, notwithstanding the failure of the company to comply with the foregoing provisions of this paragraph, this policy shall terminate
1. on such expiration date, if
    (a) the named insured has failed to discharge when due any of his obligations in connection with the payment of premium for this policy or any installment thereof, whether payable directly to the company or its agent or indirectly under any premium finance plan or extension of credit, or
    (b) the company has by any means manifested its willingness to renew to the named insured or his representative; or
2. on the effective date of any other automobile insurance policy, with respect to any automobile designated in both policies.

The mailing of notice as aforesaid shall be sufficient proof of notice. Delivery of such written notice by the company shall be equivalent to mailing.

**19. Declarations:** By acceptance of this policy, the insured named in the declarations agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance.

**20. Terms of Policy Conformed to Statute:** Terms which in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes.

## EXCEPTIONS
### (The following Exceptions apply only in the States named hereunder)

**ARKANSAS, FLORIDA, IDAHO, KENTUCKY, LOUISIANA AND MISSISSIPPI EXCEPTION:**
Part IV — The term "uninsured automobile" includes an automobile with respect to which there is a bodily injury liability insurance policy applicable at the time of the accident but the company writing the same becomes insolvent within one year after such accident.

**ARKANSAS, CONNECTICUT, KANSAS, KENTUCKY, LOUISIANA, MISSISSIPPI, AND TENNESSEE EXCEPTION:**
Part IV — Arbitration: The insured shall not be required to arbitrate disputed claims.

**CONNECTICUT, DELAWARE, FLORIDA, IDAHO, ILLINOIS, INDIANA, KANSAS, MICHIGAN, MINNESOTA, MISSOURI AND WASHINGTON EXCEPTION:**
Condition 17 — Cancellation by Company Limited — Paragraph number two, subsection 2 is amended by the deletion of the following phrase — "or motor vehicle registration."

**DISTRICT OF COLUMBIA AND MARYLAND EXCEPTION:**
Part I — Exclusions: The following additional exclusion is applicable: to the following as insureds (1) The District of Columbia or any of its Agencies, or (2) Any person, including the named insured, if protection is afforded such person under the provisions of Public Law 86-654 (District of Columbia Employees Non-Liability Act).

**ILLINOIS EXCEPTION:**
Condition 1. Policy Period, Territory — The following paragraphs replace those of like designation as contained under said condition.
Parts I, II and IV This policy shall expire as shown in the declarations except that it may be continued in force for successive policy periods by the payment of the required renewal premium Each policy period shall be for twelve (12) calendar months, and each shall begin and expire at 12:01 A.M., Standard Time at the address of the named insured as shown in the declarations.
Part III: This policy shall expire as shown in the declarations except that it may be continued in force for successive policy periods by the payment of the required renewal premium. Each policy period shall be for at least twelve (12) calendar months, but may be written for up to thirty-six (36) calendar months, and each shall begin and expire at 12:01 A.M, Standard Time at the address of the named insured as shown in the declarations.

**KANSAS EXCEPTIONS:**
1. In the "Insured's Duties in Event of Loss" Condition, paragraph (a) is amended to read:
"(a) use every reasonable means to protect the automobile (whether or not the loss is covered by this policy) from further loss; reasonable expenses incurred in affording such protection shall be deemed incurred at the company's request;"
2. In the "Appraisal" Condition, the term "30 days" is substituted for "60 days."
Part IV—Protection Against Uninsured Motorists Is Amended as follows:
This coverage protects insureds who are not contributorily negligent against bodily injury caused by negligent uninsured and hit-and-run motorists.
1. The "Trust Agreement" provision is deleted and the "Subrogation" Condition of the policy is made applicable to Part IV.
2. The "Arbitration" provision is amended to read
Arbitration. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with (1) the rules of the American Arbitration Association (a copy of which rules together with the address of the local office of the American Arbitration Association will be sent to the insured by the company upon request), or (2) the provisions of Sections 5-201 to 5-213 inclusive, of the General Statutes of Kansas, 1949. Judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Part.
3. "Limits of Liability" Provision — Paragraph (d) — is deleted.

**MARYLAND EXCEPTION:**
Insurance afforded by Part IV — "Protection Against Uninsured Motorists" with respect to an automobile principally garaged in the State of Maryland, does not apply to any accident occurring in the State of Maryland.
Condition 16 — Cancellation — The second paragraph is amended to read as follows:
This policy may be cancelled by the company by mailing to the insured named in the declarations at the address shown in this policy, written notice stating when not less than thirty days thereafter such cancellation shall be effective; provided that, if the named insured fails to discharge when due any of his obligations in connection with the payment of premium for this policy or any installment thereof, whether payable directly to the company or its agent or indirectly under any premium finance plan or extension of credit, this policy may be cancelled by the company by mailing to such insured written notice stating when not less than ten days thereafter such cancellation shall be effective.

**MICHIGAN EXCEPTION:**
1. Part I — Exclusion (k) is amended to read:
to the following as insureds (1) The United States of America or any of its Agencies, or (2) Any person, including the named insured, with respect to bodily injury or property damage resulting from the operation of an automobile by such person as an employee of the United States Government while acting within the scope of his office or employment, if the provisions of Section 2679 of Title 28, United States Code (Federal Tort Claims Act), as amended, require the Attorney General of the United States to defend such person in any civil action or proceeding which may be brought for such bodily injury or property damage, whether or not the incident out of which such bodily injury or property damage arose has been reported by or on behalf of such person to the United States or the Attorney General.
2. Part IV — "Protection Against Uninsured Motorists" is amended to read as follows:
The term "uninsured automobile" includes an automobile with respect to which the owner or operator is insured against liability for bodily injury, sickness, or disease, including death, resulting therefrom, by an insolvent insurer.
3. Condition 16 — Cancellation — The second paragraph is amended to read as follows.
This policy may be cancelled by the Company by mailing to the insured named in the declarations at the address shown in this policy, by certified mail, return receipt requested, written notice stating when not less than twenty days thereafter such cancellation shall be effective; provided that, if the named insured fails to discharge when due any of his obligations in connection with the payment of premium for this policy or any installment thereof, this policy may be cancelled by the Company by mailing to such insured, by first class mail, written notice stating when not less than ten days thereafter such cancellation shall be effective.
4. Condition 17 — Cancellation By Company Limited — First paragraph — Substitute "fifty-five" days for "sixty" days.
5. Condition 18 — Renewal — The first paragraph is amended to read as follows:
If the Company elects not to renew this policy, it shall mail to the Insured named in the declarations at the address shown in this policy, by first class mail, a written notice of non-renewal not less than twenty days prior to the expiration date.

**MINNESOTA EXCEPTION:**
Condition 18. Renewal — Substitute "Sixty" days for "thirty" days

**NEW HAMPSHIRE EXCEPTIONS:**
STATUTORY MOTOR VEHICLE LIABILITY POLICY AMENDMENT.
It is agreed:
1. That such insurance as is afforded by the policy for Bodily Injury Liability and for Property Damage Liability with respect to automobile accidents occurring within the State of New Hampshire and subject to the limits of liability required by Chapter 268, Revised Statutes Annotated of New Hampshire, or any statutes amendatory thereof or supplementary thereto, also applies
    (a) to the named insured, if an individual and the owner of the automobile covered by the policy or if husband and wife, either or both of whom own such automobile,

(b) to the spouse of such named insured, if a resident of the same household, and

(c) to the private chauffeur or domestic servant of such named insured or spouse, while engaged in the employment of such named insured or spouse,

with respect to the operation of any other motor vehicle by such named insured, spouse, private chauffeur or domestic servant and with respect to the presence of such named insured, spouse, private chauffeur or domestic servant in any other motor vehicle, provided such other motor vehicle is not owned by such named insured, spouse, private chauffeur or domestic servant. The insurance afforded by this paragraph applies only if no other valid and collectible insurance is available to such named insured, spouse, private chauffeur or domestic servant, either as an insured under a policy applicable with respect to the motor vehicle or otherwise, against a loss covered hereunder.

2 That the policy as amended by this endorsement is a Motor Vehicle Liability Policy as defined in Chapter 268, Revised Statutes Annotated of New Hampshire as amended, and all policy provisions required by said chapter are hereby expressly incorporated in the policy by reference.

3. That nothing contained herein shall (a) make the limits of liability for the insurance afforded hereunder apply in addition to the limits of liability for insurance otherwise afforded by the policy with respect to the use of other automobiles, or (b) alter, waive or extend any of the agreements, exclusions, conditions or other terms of the policy except as provided when due any of his obligations in connection with the payment of premium required by Chapter 268, Revised Statutes Annotated of New Hampshire, or any statutes amendatory thereof or supplementary thereto.

Part I — Exclusion (k) is not applicable

Part IV — "Protection Against Uninsured Motorists", Item (i) in the Definition of "insured automobile" does not apply.

Part IV — Exclusion (d) is not applicable

**OREGON EXCEPTION:**

Part IV — Limits of Liability — Paragraph (b) (2) and paragraph (d) are deleted

**VERMONT EXCEPTION:**

Part I — Condition 16 — Cancellation — The second paragraph is amended to read as follows

This policy may be cancelled by the Company by delivering to or mailing to the insured named in the declarations at the address shown in this policy, by certified mail, postage pre-paid, written notice stating when not less than twenty days thereafter such cancellations shall be effective, provided that, if the named insured fails to discharge when due any of his obligations in connection with the payment of premium for this policy or any installment thereof, this policy may be canceled by the Company by mailing to such insured, by first class mail, written notice stating when not less than ten days thereafter such cancellation shall be effective

Part II — Condition 18 — Renewal — The first paragraph is amended to read as follows:

If the Company elects not to renew this policy, it shall mail to the insured named in the declarations at the address shown in this policy by certified mail a written notice of non-renewal not less than twenty days prior to the expiration date.

**WASHINGTON EXCEPTION:**

Condition 16 Cancellation — Second Paragraph — Substitute "fifteen" days for "ten" days.

**WISCONSIN EXCEPTION:**

Part I of the policy.

1. Subsection (2) of paragraph (a) of "Persons Insured" is replaced by the following:

(2) any other person using such automobile with the permission of the named insured or an adult member of his household other than a chauffeur or domestic servant, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, and

2 Exclusion (f) does not apply if bodily injury to a fellow employee arises out of the use of an owned automobile.

Part IV — The term "uninsured automobile" includes an automobile with respect to which the owner or operator is insured against liability for bodily injury, sickness or disease, including death resulting therefrom, by an insurer who is declared insolvent, either before or after the accident, by a court of competent jurisdiction.

IN WITNESS WHEREOF, the Government Employees Insurance Company has caused this policy to be signed by the President and Secretary and countersigned on the Declarations page by a duly authorized representative of the company.

A-2 (3-69)

*Secretary*

*President*

| SHORT RATE TABLE (For One Year Policies) | | | |
|---|---|---|---|
| Days Policy in Force | Per Cent of One Year Premium | Days Policy in Force | Per Cent of One Year Premium |
| 1.... | 5% | 154-156 | 53% |
| 2.. .... | 6 | 157 160. . . | 54 |
| 3- 4 ... . | 7 | 161 164. | 55 |
| 5- 6......... | 8 | 165 167 .... | 56 |
| 7- 8.. . | 9 | 168 171 | 57 |
| 9- 10. ... . | 10 | 172-175 .. ... | 58 |
| 11- 12... | 11 | 176 178 | 59 |
| 13- 14 ..... | 12 | 179 182 (6 mos.). | 60 |
| 15- 16 .. ... . | 13 | 183-187 | 61 |
| 17- 18. .. . | 14 | 188-191. ..... | 62 |
| 19- 20. . | 15 | 192-196 . | 63 |
| 21- 22.. . .. | 16 | 197 200. | 64 |
| 23- 25 . . | 17 | 201-205 | 65 |
| 26- 29..... | 18 | 206 209 . .. .. | 66 |
| 30- 32 (1 mo) . | 19 | 210-214 (7 mos) | 67 |
| 33- 36 .... | 20 | 215 218 ... . | 68 |
| 37- 40 ... . | 21 | 219-223 . | 69 |
| 41- 43 ........ | 22 | 224 228 . | 70 |
| 44- 47 ...... | 23 | 229-232. ... .. | 71 |
| 48- 51..... | 24 | 233 237.. . . | 72 |
| 52- 54..... | 25 | 238 241. . ... | 73 |
| 55- 58. ..... | 26 | 242-246 (8 mos) .. | 74 |
| 59 62 (2 mos ) | 27 | 247-250. . | 75 |
| 63- 65 . . .... | 28 | 251-255 .. . | 76 |
| 66- 69..... | 29 | 256-260 . . | 77 |
| 70- 73 . ... | 30 | 261 264.... . | 78 |
| 74- 76........ . | 31 | 265 269 ... | 79 |
| 77- 80 .... | 32 | 270-273 (9 mos.).. | 80 |
| 81- 83... ........ | 33 | 274 278 .. .... | 81 |
| 84- 87 . ... | 34 | 279-282 . .... . | 82 |
| 88 91 (3 mos.) . | 35 | 283 287 . | 83 |
| 92- 94. .. . | 36 | 288-291 . | 84 |
| 95 98 .... | 37 | 292 296. . . | 85 |
| 99-102... | 38 | 297 301 . | 86 |
| 103 105. | 39 | 302 305 (10 mos.). | 87 |
| 106-109... . | 40 | 306-310 . .. .. | 88 |
| 110-113. | 41 | 311-314 . | 89 |
| 114-116..... . | 42 | 315-319 .. | 90 |
| 117-120 . .. | 43 | 320-323. .. .. | 91 |
| 121-124 (4 mos.).. | 44 | 324 328 . . | 92 |
| 125-127... .. | 45 | 329-332.. . .. | 93 |
| 128-131 ... . | 46 | 333-337 (11 mos ) | 94 |
| 132-135 .... | 47 | 338 342 .. . | 95 |
| 136-138.. . . | 48 | 343 346... .. | 96 |
| 139-142 | 49 | 347 351 . ... . | 97 |
| 143-146. . . | 50 | 352 355 .. | 98 |
| 147-149........ | 51 | 356 360 .. . | 99 |
| 150-153 (5 mos.)... | 52 | 361-365 (12 mos ). | 100 |

FAMILY AUTOMOBILE POLICY

**GOVERNMENT EMPLOYEES INSURANCE COMPANY**

1705 L Street, N.W.
Washington, D. C. 20036

A Capital Stock Insurance Company
Not Affiliated with the
United States Government

SPECIMEN

**PLEASE**

**READ YOUR POLICY**

IN CASE OF ACCIDENT

1. Do not admit responsibility or make any statements regarding the accident except to the police or recommended attorney or adjuster of this company.

2 Obtain names and addresses of all occupants of other car involved and all witnesses to the accident.

3 Notify the company immediately. If an accident results in serious personal injury or death to anyone, telephone or telegraph to the company immediately, following with a complete written report.