708 F.2d 197
 ALLSTATE INSURANCE COMPANY, Plaintiff-Third Party
Plaintiff-Appellant Cross-Appellee,
v.
Barbara RANDALL, Individually and By and Through Her Father
and Next Friend, Otis C. RANDALL, and Otis C.
Randall, Individually,
Defendants-Appellees Cross-Appellants,
v.
Carl Warren RANDALL, Third Party Defendant.
 No. 81-4431.
 United States Court of Appeals,
Fifth Circuit.
 July 1, 1983.
 
 James N. Compton, Carter O. Bise, Biloxi, Miss., for plaintiff-third party plaintiff-appellant.
 Donald C. Dornan, Biloxi, Miss., John M. Deakle, Hattiesburg, Miss., for defendants-appellees.
 Appeals from the United States District Court for the Southern District of Mississippi.
 Before BROWN, WISDOM and RANDALL, Circuit Judges.
 JOHN R. BROWN, Circuit Judge:
 
 
 1
 In this case, we are again presented with a Mississippi problem on which Mississippi should have the last answer and for which Mississippi affords the means for a ready answer.
 
 
 2
 Briefly stated, the issue here is whether, for Mississippi, there is uninsured motorist coverage available for Barbara Randall and, assuming that there is such coverage because the Allstate policy exclusion is in violation of public policy, whether Allstate's obligation is to meet the requirements of the Vehicle Safety Responsibility Act, in the minimum limits of $10,000, or whether public policy and prior case authorities require that the minimum limits be aggregated for a total of $30,000.
 
 
 3
 The district judge found that public policy overrode the limitations on coverage in the Allstate policy, but restricted coverage to $10,000, the minimum limit of the Mississippi Safety Responsibility Act, Miss.Code Ann. Sec. 63-15-1, et seq. (1972).
 
 
 4
 For our purposes, we may briefly capsule the facts. Otis C. Randall purchased a policy of automobile insurance, No. 45521360, effective August 1, 1974, from plaintiff-appellant, Allstate Insurance Company (Allstate). This policy covered three separate vehicles, for which premiums were calculated, charged and paid.
 
 
 5
 By its terms, the policy excludes from coverage "bodily injury to any person who is related by blood, marriage, or adoption to an insured against whom claim is made if such person resides in the same household as such insured." See Clause 7, Section I, page 3, of the policy. Under the definitions, the policy states that for purposes of liability protection, an insured is "any person ... listed as insured...." The named insured is "the individual named in the declarations [Otis Randall], and his spouse ...," and " 'relative' means a relative of the named insured who is a resident of the same house."
 
 
 6
 Section II of the policy, the uninsured motorist provisions, states that "the term 'insured automobile' means an automobile ... described in the declarations as an automobile to which the bodily injury liability coverage of the policy applies ...." See Clause 3, Section II, page 4, of the policy. This provision of the policy also states that an uninsured automobile includes an automobile for which there is a liability insurance policy applicable at the time of the accident but the insurance company has in writing denied coverage thereunder. See Subparagraph (a), Clause 3, Section II, page 4 of the policy.
 
 
 7
 On June 2, 1975, while driving a car owned by Otis C. Randall and listed on the declarations as one to which bodily injury liability coverage applied, Carl W. Randall, Otis Randall's son and a member of his household, lost control of the vehicle. In the resulting accident, Barbara Randall, Otis Randall's daughter, a member of his household, and a passenger in the vehicle, was severely injured.
 
 
 8
 There was no other liability insurance applicable to Carl Randall for his negligence except the policy which is the subject of this case. It is uncontested that the sole proximate cause of Barbara Randall's injuries was the negligence of Carl Randall. It is also undisputed that Barbara Randall's damages would exceed $30,000. Based upon its investigation of the accident, Allstate denied liability because of the exclusion for injury to any member of the household. Allstate did pay the full amount of the contracted-for medical payments coverage to the insured.
 
 
 9
 On or about October 18, 1980, Barbara Randall, through her father, filed a claim for uninsured motorist's benefits under the Allstate policy. On November 6, 1980, Allstate filed this declaratory judgment action in the United States District Court for the Southern District of Mississippi, Southern Division, seeking a determination of the respective rights and liabilities of the parties to the contract of insurance, Barbara Randall, Otis Randall, and Allstate. Barbara and Otis Randall filed an answer and counterclaimed for actual and punitive damages. Allstate filed a third-party complaint against Carl Randall on March 30, 1981.
 
 
 10
 On motion for summary judgment filed by Allstate on the issue of liability, or for partial summary judgment, and on cross motion by the Randalls for summary judgment in their favor, the district court found the issue of liability to be governed by Preferred Risk Mutual Insurance Co. v. Poole, 411 F.Supp. 429 (N.D.Miss.1976), aff'd, 539 F.2d 574 (5th Cir.1977). Under Preferred Risk, the district judge found that public policy overrode the limitations on coverage in the Allstate policy. Thus, Randall could recover; however, recovery was limited to $10,000, the minimum amount provided by the Mississippi Safety Responsibility Act.
 
 
 11
 The Randalls find error in the district court's determination that they are not entitled to aggregate or "stack" uninsured motorist coverage to a total of $30,000. They assert that Mississippi law concerning the issue was incorrectly applied and that "the ability to stack uninsured motorist coverage is well established in Mississippi." St. Arnaud v. Allstate Insurance Co., 501 F.Supp. 192, 194 (S.D.Miss.1980) (citing and explaining a number of Mississippi cases). The predicate to stacking has recently been made very clear by the Mississippi Supreme Court: "When the policy provisions seeking to prevent stacking are ambiguous, they will be construed against the insurer and aggregation will be allowed." Pear Tree v. Hartford Accident and Indemnity Co., 373 So.2d 267 (Miss.1979). The Randalls argue that the language in the instant policy and that found to be ambiguous in some earlier cases are indistinguishable. Thus, they conclude that since aggregation or stacking may be had under Mississippi law when the policy does not unambiguously preclude it, and since the instant policy does not do so according to binding authority, the district court erred in limiting coverage to $10,000.
 
 
 12
 Allstate filed its notice of appeal, and the Randalls cross-appealed. Subsequent to notice of appeal, the Mississippi Supreme Court handed down its decision in Aitken v. State Farm Mutual Automobile Insurance Co., 404 So.2d 1040 (Miss.1981).
 
 
 13
 We have determined that this matter, involving as it does questions of local Mississippi policy, is an appropriate case for certification to the Supreme Court of Mississippi--the only court which can authoritatively establish the policy.[1]
 
 
 14
 Following our customary practice, we requested that counsel submit a joint statement of facts and propose an agreed certificate of questions. See West v. Caterpillar Tractor Co., 504 F.2d 967 (5th Cir.1974). After receiving counsel's certificate, we were informed that the issue involved in proposed Question 2[2] had previously been certified to the Mississippi Supreme Court in Government Employees Insurance Co. v. Brown, 675 F.2d 645 (5th Cir.1982). Since the court's answers in GEICO will govern our disposition of the case at bar, we await the Mississippi court's decision in GEICO. We, therefore, certify the following question to the Supreme Court of Mississippi:
 
 
 15
 1. The trial court held that any provision excluding or reducing the mandatory coverage of the Uninsured Motor Vehicle Act, Miss.Code Ann. Sec. 83-11-101, et seq. (1972), to an amount less than the minimum prescribed by the Vehicle Safety Responsibility Act, Miss.Code Ann. Sec. 63-15-1, et seq. (1972), was null and void, following Preferred Risk Mutual Insurance Co. v. Poole, 411 F.Supp. 429 (N.D.Miss.), aff'd, 539 F.2d 574 (5th Cir.1976), which followed Harthcock v. State Farm Mutual Automobile Insurance Co., 248 So.2d 456 (Miss.1971). Harthcock indicates that insured/uninsured motor vehicle status was to be determined from the perspective of the insured. Aitken v. State Farm Mutual Automobile Insurance Co., 404 So.2d 1040 (Miss.1981), indicated that one should look to whether the vehicle was covered by liability insurance, irrespective of whether there was an exclusion which invalidated a particular claim. Harthcock further allowed the motorcycle on which the plaintiff was a passenger to be an uninsured vehicle under the owner's policy, while Aitken stated that the vehicle had to be another and separate vehicle. Thus, following Harthcock and Preferred Risk, uninsured motorist coverage would be available to Barbara Randall. Following Aitken, there would appear to be no uninsured motorist coverage. Does Aitken overrule Harthcock and is there uninsured motorist coverage available for Barbara Randall under these facts?
 
 
 16
 The entire record in this case, the court's opinion, together with copies of the briefs of the parties, the letter directive, counsel's memorandum on certification, proposed certification and all other papers are to be transmitted to the Supreme Court of Mississippi with the certificate.
 
 
 17
 CERTIFIED.
 
 
 
 [1]
 We have five times certified cases to the Mississippi Supreme Court, State Farm Mutual Automobile Insurance Co. v. Daughdrill, 702 F.2d 70 (5th Cir.1983); Government Employees Insurance Co. v. Brown, 675 F.2d 645 (5th Cir.1982) [hereinafter cited as GEICO ]; Strange v. Krebs, 658 F.2d 268 (5th Cir.1981); Anderson v. Jackson Municipal Airport Authority, 645 F.2d 401 (5th Cir.1981); First National Bank of Columbus v. Drummond, 642 F.2d 181 (5th Cir.1981). See also, J. Brown, Fifth Circuit Certification--Federalism in Action, 7 Cumberland L.Rev. 455 (1977) and the numerous cases cited in In Re McClintock, 558 F.2d 732, n. 2, 3, 4 and 5 (5th Cir.1977)
 
 
 [2]
 2. Assuming the Mississippi Supreme Court determines that there is uninsured motorist coverage because the Allstate exclusion is in violation of public policy, where the Allstate policy here covered three vehicles with three separate premiums charged for uninsured motorist coverage, is Allstate's only obligation to meet the requirements of the Vehicle Safety Responsibility Act, Miss.Code Ann. Sec. 63-15-1, et seq. (1972), in the minimum limits of $10,000, or do public policy and prior case authorities require that the minimum limits be aggregated for a total of $30,000?