753 F.2d 441
 ALLSTATE INSURANCE COMPANY, Plaintiff-Third Party
Plaintiff-Appellant-Cross Appellee,
v.
Barbara RANDALL, Individually and by and through her Father
and next Friend, Otis C. Randall and Otis C.
Randall, Individually,
Defendants-Appellees-Cross Appellants,
v.
Carl Warren RANDALL, Third Party Defendant.
 No. 81-4431.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 20, 1985.
 
 James N. Compton, Carter O. Bise, Biloxi, Miss., William T. Bailey, Sr., Lucedale, Miss., for plaintiff-third party plaintiff-appellant-cross appellee.
 Donald C. Dornan, Biloxi, Miss., John M. Deakle, Hattiesburg, Miss., for defendants-appellees-cross appellants.
 Appeals from the United States District Court for the Southern District of Mississippi.
 Before BROWN, WISDOM, and RANDALL, Circuit Judges.
 JOHN R. BROWN, Circuit Judge:
 
 I.
 
 1
 This case returns to us for decision after the Mississippi Supreme Court declined to answer the question we formerly certified to it. Allstate Ins. Co. v. Randall, 708 F.2d 197 (5th Cir.1983). Based upon the decisions Mississippi's high court has rendered in cases decided subsequent to our certification, we hold that uninsured motorist coverage is available to the Randalls under their policy with Allstate and that this insurance coverage may be aggregated to provide a recovery of $30,000. Accordingly, we remand with directions to enter judgment for the Randalls in the amount of $30,000.
 
 II.
 
 2
 On June 2, 1975, Carl Warren Randall was driving a car owned by his father in which his sister was a passenger. He lost control of the vehicle and in the resulting accident his sister, Barbara Randall, was injured. Otis C. Randall, the father of Carl Warren and Barbara Randall, was insured by Allstate Insurance Company under a policy which covered the vehicle that was involved in the accident and two other specified vehicles. The policy contained a household injury exclusion, excluding coverage for "bodily injury to any person who is related by blood, marriage, or adoption to an insured against whom a claim is made if such person resides in the same household as such insured." A claim made by Barbara was denied by Allstate based upon this household exclusion.
 
 
 3
 Barbara then made a claim for uninsured motorist benefits under the Allstate policy. Allstate responded by filing a declaratory judgment action in the district court.[1] On cross-motions for summary judgment, the trial court voided the uninsured motorist exclusion under the policy, which states that the insured vehicle cannot be uninsured,[2] so as to prevent the insured claiming uninsured motorist benefits after being denied recovery based upon other policy exclusions, such as the household exclusion. Accordingly, the trial court found uninsured motorist coverage available to Barbara Randall in the minimum amount of $10,000 as prescribed by the Mississippi Motor Vehicle Safety Responsibility Law, Miss.Code Ann. Sec. 63-15-1 et seq. (1972).
 
 
 4
 Allstate appealed the district court's decision. The Randalls cross-appealed. Following our usual policy, we requested counsel to prepare a joint statement of facts and questions for certification to the Mississippi Supreme Court. Our question as to the availability of stacking was already pending in a certified question[3] before the Mississippi Supreme Court in GEICO v. Brown, 446 So.2d 1002 (Miss.1984). As a result, we asked Mississippi only for a determination of the validity of the owned motor vehicle exclusion in light of a possible conflict produced in the Mississippi case law by Aitken v. State Farm Mutual Auto Insurance Co., 404 So.2d 1040 (Miss.1981).
 
 
 5
 The Mississippi Supreme Court declined--as it in its discretion could do--to accept our certified question as to the availability of uninsured motorist coverage because the issue was already pending before the court in State Farm Mutual Auto Insurance Co. v. Nester, 459 So.2d 787 (Miss.1984). We stayed our action in Randall pending guidance from Mississippi's highest court. Now that the Mississippi Supreme Court has decided the stacking question at issue in Brown and the availability of uninsured motorist coverage in Nester,[4] we undertake to apply the knowledge gained from these cases and render decision in the Randall case before us.
 
 III.
 
 6
 In their supplemental briefs the parties agree that the Nester court's overruling of Aitken and its adoption of Preferred Risk Mutual Ins. Co. v. Poole, 411 F.Supp. 429 (N.D.Miss.1976), aff'd. 539 F.2d 574 (5th Cir.1976), effectively confirms the trial court's decision in Randall that uninsured motorist coverage is available in the amount of $10,000 because of the public policy dictates of the Safety Responsibility Act which override any contrary insurance policy language. The question remaining before us is whether the district court erred in not permitting the stacking of uninsured motorist coverage so as to allow for a recovery of $30,000.
 
 
 7
 Otis Randall's policy provided for uninsured motorist coverage in the amount of $10,000 on three separate vehicles. Separate premiums were paid on each vehicle for this coverage. In holding that stacking was allowable in Brown, the Mississippi Supreme Court considered the effect of the payment of separate premiums for uninsured motorist coverage on several vehicles on an insurance policy's exclusionary language:
 
 
 8
 We conclude in the instant case that aggregation of coverages shall be permitted on two distinct theories. First, uninsured motorist coverage contained in one policy of insurance insuring three vehicles, and for which a separate premium paid, can be aggregated. Secondly, while the language within the "limits of liability" clause is clear and unambiguous as to what is intended, when read together with the declaration sheet it becomes unclear and ambiguous. The declaration sheet seeks to provide separate coverages for uninsured motorist on three vehicular units and charge separate premiums therefor while the "limits of liability" clause seek to repudiate such coverage. On either theory, the limitation fails.
 
 
 9
 Brown at 1006.
 
 
 10
 Allstate argues that the precise issue presented in Randall was not directly confronted by the Mississippi Supreme Court in either Nester or Brown. Allstate seeks to distinguish Randall by arguing that the motorist is not an uninsured motorist as defined by the policy, as was the case in Brown, but is an uninsured motorist only by virtue of the public policy expressed in the Safety Responsibility Act which overrides the specific policy language. Allstate contends that this public policy can provide uninsured motorist coverage only in the amount of $10,000, and that above this amount the specific policy exclusion still operates. Randall counters that the clear dictates of Brown and Nester allow stacking where a separate premium is paid for separate coverage.
 
 
 11
 We believe Randall has the best of this argument. Brown clearly states that "[a]ny language attempting to limit an insurer's liability must fail when it deprives the insured of benefits for which a premium was paid." Brown at 1006. In providing for stacking, the Brown court explained that "recovery cannot be limited by an insurer for benefits for which a premium is paid by an insured, notwithstanding clear and unambiguous language of attempted limitation by the insurer." Brown at 1006. Similar language was used by the Mississippi Supreme Court in Nester. "[W]here an insured purchases more than one policy and pays the premiums on more than one policy, that insured is entitled to collect on all such policies." Nester at 793.
 
 
 12
 Accordingly, we remand with directions to enter judgment in favor of the Randalls for $30,000.
 
 
 13
 REMANDED.
 
 
 
 [1]
 Barbara Randall and Otis C. Randall counterclaimed for actual and punitive damages. Allstate filed a third party claim against Carl Warren Randall to protect its subrogation rights
 
 
 [2]
 An uninsured motor vehicle is:
 ... (ii) a motor vehicle as to which there is such insurance in existence, but the insurance company writing the same has legally denied coverage thereunder ...
 Miss.Code Ann. Sec. 83-11-103(c)(ii).
 
 
 [3]
 675 F.2d 645 (5th Cir.1982)
 
 
 [4]
 Nester was denied on October 31, 1984. The petition for rehearing was denied on December 12, 1984