Mrs. Cherry BERRY, General Guardian for the Use and Benefit of Sandy BER-RY, Christy Berry, and Amanda Berry, Minors, and Mrs. Cherry Berry, Individually and for the Use and Benefit of All Entitled, Plaintiffs,

v.

The AETNA CASUALTY AND SURETY COMPANY and Royal Globe Insurance Company, Defendants.

Cherry BERRY, et al., Plaintiff,

v.

AETNA CASUALTY & SURETY COMPANY and Royal Globe Insurance Company, Defendants.  (Two Cases)

Civ. A. Nos. J81–0553(L) to J81–0555(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

April 4, 1985.

Maryellen Duprel, Roland C. Lewis, Jackson, Miss., Jim Kitchens, Lamar Pickard, Kitchens & Pickard, Hazelhurst, Miss., for plaintiffs.

Cary E. Bufkin, Shell, Buford, Bufkin, Callicut & Perry, Jackson, Miss., for defendants.

## MEMORANDUM OPINION

TOM S. LEE, District Judge.

On November 14, 1981, H.H. (Jack) Berry sustained fatal injuries in an accident allegedly caused by the negligence of an uninsured motorist.  Berry, president and stockholder of Berry-Pontiac-GMC, Inc. (Berry-Pontiac), was a passenger in an automobile driven by his wife and owned by GMAC, Pontiac Motor Division (GMAC). Mrs. Berry, individually and as guardian of her minor children, brought this action against Royal Globe Insurance Company (Royal Globe) and Aetna Casualty and Surety Company (Aetna).  Royal Globe had issued an insurance policy providing unin-

sured motorist coverage for certain automobiles owned by GMAC, the named insured. On previous motion for summary judgment, this court determined that the Mississippi Uninsured Motorist Act, Miss. Code Ann. 83–11–103(b) (Supp.1984), provides for two classes of insureds, the first class including

"The named insured and, while residents of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle and otherwise"

and the second class consisting of:

"any person who uses, with the consent, express or implied, of the named insured, the motor vehicle to which the policy applies, and a guest in such motor vehicle to which the policy applies, or the personal representative of any of the above."

The court concluded that aggregation of coverage was only available to first class insurers, which class under the Royal Globe policy only included GMAC, a corporate entity. Jack Berry, being a second class insured, was not entitled to stack coverage.

■ The issue before the court now concerns the extent of coverage, if any, provided to Jack Berry by the Aetna policy while he was a passenger in an automobile not owned by Berry-Pontiac. The declaration page of the Aetna policy reflects that the named insured is Berry-Pontiac-GMC, Inc., a corporation. Uninsured motorist coverage, in the amount of $25,000 per accident, is provided, according to the covered automobile designation symbol, for owned automobiles only. Item three of the policy elaborates:

OWNED AUTOS ONLY. Only those *autos you own* (and for Liability Coverage any trailers *you* don't own while attached to power units *you* own). This includes *autos you* acquire ownership of after the policy begins.

Jack Berry is not a first class insured under the provisions of the declaration page since the named insured is a corporation, Berry-Pontiac-GMC, Inc. Neither is he a second class insured because he was not riding in a "motor vehicle to which the policy applies." *See* Miss.Code Ann. § 83–11–103(b) (Supp.1984).

■ Attached to the policy is an endorsement providing "drive other car coverage—broadened coverage for named individuals." The endorsement changes the uninsured motorist coverage by adding to "who is insured":

Any individual named in this endorsement [Mr. Berry] and, while a resident in the same household, his or her spouse and the family members of either are *insureds* while *occupying* or while a pedestrian while being struck by an *auto you* [Berry-Pontiac-GMC, Inc.] don't own except:

Any *auto* owned by that individual, his or her spouse, or by any family member of either.

It is the opinion of this court that the uninsured motorist coverage provided by this endorsement is the only uninsured motorist coverage available to Berry under the Aetna policy for injuries sustained while occupying a vehicle not owned by Berry-Pontiac. The "endorsement changes only those coverages listed below for which a charge is shown below" and no charge is shown for uninsured motorist coverage. Berry did not reject uninsured motorist coverage in writing and, therefore, is entitled to statutory coverage only. *See* Miss. Code Ann. § 83–11–101 (Supp.1984). Additionally the extent of uninsured motorist coverage is ambiguous since paragraph B entitled "Changes in Auto Medical Payments and Uninsured Motorist Insurance" is not expressly conditioned on the payment of uninsured motorist coverage premiums. This ambiguity in the policy language must be construed in favor of the insured and, for this reason also, Berry is entitled to statutory coverage. *See GEICO v. Brown,* 446 So.2d 1002 (Miss.1984).

In *Allstate Insurance Company v. Randall,* 753 F.2d 441 (Fifth Circuit 1985), Allstate brought a declaratory judgment action to determine its duty to pay uninsured motorist coverage benefits to the daughter

of an insured who was injured in an accident with an uninsured motorist when the policy excluded coverage to certain relatives of the insured. The insurance policy covered three vehicles for which separate premiums were paid. The parties agreed, pursuant to the holding of the Mississippi Supreme Court in *State Farm Mutual Automobile Insurance Co. v. Nester,* 459 So.2d 787, 793 (Miss.1984), "that uninsured motorist coverage is available ... because of the public policy dictates of the Safety Responsibility Act which override any contrary insurance policy language." *Randall,* at 443–444. The Fifth Circuit allowed stacking of coverage, citing *GEICO v. Brown,* 446 So.2d 1002 (Miss.1984): "[a]ny language attempting to limit an insurer's liability must fail when it deprives the insured of benefits for which a premium was paid." *Id.* at 1006. In this case, no premiums for uninsured motorist coverage applying to Berry while occupying an automobile not owned by Berry-Pontiac were paid. Accordingly, *Randall* is distinguishable on its facts.

It is, therefore, the opinion of this court that uninsured motorist coverage is available under the Aetna endorsement for Berry only in the minimum statutory amount and that stacking is not allowed. A judgment shall be submitted conforming to this memorandum opinion in accordance with the local rules.