Clifton Scott **MOODY**, Plaintiff,

v.

**FEDERATED MUTUAL INSURANCE CO. et al.,** Defendants.

Civ. A. No. 93–0084–B.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

June 27, 1994.

Mary Lynn Tate, Tate, Lowe & Rowlett, Abingdon, VA, E.G. Moody, Hawkins, Moody & Associates, P.C., Kingsport, TN, for Clifton Scott Moody.

Howard Chowning McElroy, White, Bundy, McElroy, Hodges & Sargent, Abingdon, VA, Florence Annette Powell, Freeman and Evans, Marion, VA, for Federated Mut. Ins. Co., and Daugherty Bros. Chevrolet, Inc.

William Elbert Bradshaw, Bradshaw & Bradshaw, Big Stone Gap, VA, for South Carolina Ins. Co. and Charles Bartlett.

### MEMORANDUM OPINION

WILSON, District Judge.

Clifton Scott Moody was injured in a motor vehicle accident while test driving an

automobile for his employer, Daugherty Brothers Chevrolet, Inc. ("Daugherty Brothers"). Moody brought this declaratory judgment action against Daugherty Brothers' insurer, Federated Mutual Insurance Company ("Federated"),[1] to determine Moody's entitlement to coverage under the Federated policy. As the parties are of diverse citizenship, and there is more than $50,000 in controversy, exclusive of interest and costs, the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The pertinent facts have been stipulated. The matter is before the court on Federated's motion for summary judgment. The court finds that Moody is entitled to coverage under the policy pursuant to the Virginia uninsured motorist statute.

## I.

On May 15, 1991 Moody was injured in a motor vehicle accident with Charles Bartlett in Scott County, Virginia. At the time of the accident, Moody was test driving an automobile left for repair with his employer, Daugherty Brothers. The automobile was neither insured by its owner nor did Moody himself have any personal liability insurance.[2]

Moody filed this action seeking a declaratory judgment that he is covered under the uninsured/underinsured portion of Daugherty Brothers' policy with Federated. According to the endorsement to the policy covering uninsured motorists insurance in Virginia, the policy defines an insured as either "(1) [y]ou or any family member, [or] (2) [a]nyone else occupying a covered auto...." In de-

termining what is a covered auto under the policy the declarations include "covered auto designation symbols" for the specified coverage. For liability insurance, the covered autos are indicated as item 21, or "any auto." Under the designation for uninsured motorists insurance, however, the covered auto designation is item 22 or "owned autos only." Federated contends that Moody is not covered under the uninsured provisions of the insurance policy because he was neither the named insured nor in a covered auto.

## II.

In Virginia "uninsured motorist coverage exists pursuant to the Virginia statute if ... a liability policy is issued or delivered in this state insuring a motor vehicle." *Wood v. State Farm Mut. Auto Ins. Co.*, 432 F.Supp. 41, 42 (W.D.Va.1977). *See also Insurance Co. of North America v. MacMillan*, 945 F.2d 729, 730 (4th Cir.1991) ("In Virginia, one must carry both liability and UM insurance coverage, though not necessarily in equal amounts.") The statute provides for uninsured motorist coverage if either a liability policy is issued in Virginia to the owner of a motor vehicle or if a liability policy is issued or delivered "by any insurer licensed in this Commonwealth upon any motor vehicle principally garaged or used" in Virginia.[3] Va.Code Ann. § 38.2–2206 (Supp.1993). Accordingly, in Virginia, a liability policy on a motor vehicle in Virginia must contain a minimum amount of uninsured motorist coverage.[4]

---

1. Also named in the complaint are Moody's employer, Daugherty Brothers, the driver of the other car, Charles Bartlett, and Bartlett's insurer, South Carolina Insurance Company.

2. Bartlett, however, maintained a liability policy on his vehicle with policy limits of $100,000 per person per accident. In a companion case, Moody is seeking to recover $750,000 from Bartlett for his injuries.

3. Federated contends that the Virginia statute is not applicable because the automobile in question was principally garaged in Tennessee, not in Virginia. However, at the time of the accident Virginia dealer license plates were affixed to the vehicle and it had been left for repair in Virginia. Accordingly, the court concludes the Virginia uninsured motorists statute is applicable.

4. In Virginia, the limits of each liability policy must at least equal Virginia's financial responsibility limits for bodily injury of $25,000 each person and $50,000 each accident. The policy also must provide uninsured and underinsured coverage with at least those limits. Va.Code Ann. § 38.2–2206. If an insured purchases liability coverage with greater limits, his uninsured and underinsured coverage limits will automatically increase to the increased liability limits unless he rejects those higher limits within 20 days. It appears from the policy that Daugherty Brothers chose not to make that election. Rather, the policy indicates that Daugherty Brothers chose to have uninsured motorist coverage equal with that of its liability policy.

In the case at hand, the Federated policy provided Daugherty Brothers with liability insurance on all autos. The express terms of the policy, however, sought to limit the uninsured motorist coverage to owned autos only. In so doing, the policy violates the Virginia statute requiring uninsured motorist coverage on all motor vehicles covered by a liability policy. Because the automobile that Moody was driving at the time of the accident would have been covered under the liability portion of the Federated policy, the statute mandates that the policy provide uninsured motorist coverage as well. Since the limitation on uninsured motorist coverage in the policy conflicts with the statute, it is void. *See State Farm Mut. Auto. Ins. Co. v. United Servs. Auto. Ass'n,* 211 Va. 133, 176 S.E.2d 327 (1970). Accordingly, the court concludes that Moody was driving a "covered auto" at the time of the incident and therefore is an insured under the terms of the policy.[5]

### III.

Based on the foregoing, the Court will award judgment to Clifton Scott Moody.

An appropriate order will issue.

---

5. Moody also contends that he is entitled to recover under an umbrella policy that Daugherty Brothers maintained with Federated. However, an exclusion in the umbrella policy specifically provides, "[t]his insurance does not apply to . . . liability imposed on the insured under any of the following laws: . . . (b) any uninsured motorists, underinsured motorists, or automobile no-fault

or first party personal injury law, unless this policy is endorsed to provide such insurance." The umbrella policy will not provide coverage for Moody's injuries because no such endorsement exists, nor is it required. *See* Va.Code Ann. § 38.2–2206(J) (Supp.1993) (excluding umbrella policies from the requirements of the uninsured motorist statute).