Katherine CRANE, Individually and on behalf of all wrongful death beneficiaries of Emmitt Ray Crane, deceased, Plaintiffs,

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Defendant.**

**Civil Action Nos. 2:96CV427PG.**

United States District Court, S.D. Mississippi, Hattiesburg Division.

Sept. 29, 1998.

Mark T. Finch, Finch & Wicht, Hattiesburg, MS, J. Andrew Phelps, Hattiesburg, MS, for Plaintiff.

Rick D. Norton, Katherine L. Howie, Bryan, Nelson, Randolph and Weathers, Hattiesburg, MS, for Defendant.

### ORDER DENYING MOTION FOR RECONSIDERATION

PICKERING, District Judge.

On November 4, 1997, this Court entered an Order denying Defendant's Motion for Summary Judgment.[1] Defendant Liberty Mutual Insurance Company requests this Court to reconsider its denial of Defendant's Motion for Summary Judgment. Concluding that the previous Order was correct, Defendant's Motion for Reconsideration is denied.

### FACTUAL BACKGROUND

The plaintiff's decedent, Ray Crane, was employed as a mechanic at Paul's Discount Tires, a business owned by his brother, Paul Crane. On October 24, 1994, Mr. Christopher Eversole was a customer at Paul's Discount Tires. Mr. Eversole's van had been "pulling to the right," and he needed a mechanic to examine it because he thought it needed front end alignment. As part of his examination of the vehicle, Ray Crane suggested to Mr. Eversole that he would like to drive it himself. Driving a customer's vehicle was a common method Ray Crane used to

---

1. The original opinion in this case was not published.

determine whether the vehicle had any mechanical problems.

Since Mr. Eversole was a quadriplegic, the van was equipped with specially designed driving aids which made it improvident for Mr. Crane to actually drive the van. While in the vehicle, Ray Crane sat in the passenger seat. During the test drive, Mr. Eversole allowed Mr. Crane to place his hands on the steering wheel in order to feel the car's alignment problem. During the return of the steering wheel back to Mr. Eversole, control of the vehicle was lost and the vehicle left the road. Ray Crane was injured in this accident, and one month later, he allegedly died as a result of the injuries sustained.

The plaintiff, a beneficiary of the decedent, Ray Crane, under the Mississippi Wrongful Death Statute brings this action on behalf of all beneficiaries under that statute. The defendant contends that the named insured on the policy is Paul Crane only, and that the uninsured motorist benefits of the policy available to the named insured flow only to Paul Crane, and not to the employees of the named businesses. Plaintiff contends that the named insured provision of the policy is ambiguous because it names as insured "Paul Crane d/b/a Paul's Discount Tire; Paul Crane d/b/a Paul's Discount Glass." Due to the alleged ambiguous language, Plaintiff argues that it is the businesses that are covered, not the individual Paul Crane. Therefore, Plaintiff contends, Uninsured Motorist coverage followed Ray Crane because he was an employee of the business and acting in the course and scope of his employment. The parties stipulate that the automobile involved in this accident was covered under the liability provisions of the subject policy.

In its original Order this Court denied Defendant's Motion for Summary Judgment because of an ambiguity in the policy. The Court stated:

> The facts that cause this Court to conclude that this policy is ambiguous are as follows: First, the policy itself is issued to "Paul Crane Doing Business As Paul's Discount Tire; Paul Crane Doing Business As Paul's Discount Glass." *If the policy applied only to Paul Crane, an individual, as argued by the defendant, then why is* the verbiage "Doing Business As Paul's Discount Tire" and "Doing Business As Paul's Discount Glass" included? This language would be mere surplusage if the intent was to cover only Paul Crane individually.

Second, throughout the policy, there are a number of things that indicate that it is a business policy. The policy involved is a commercial policy, and the liability section as to automobiles refers to it as being "Business Auto Coverage Form." In addition, the 30(b)(6) representative of Defendant, David Hart, under cross-examination, stated "If you look under who is an insured it says you … Paul's Discount Store is covered for uninsured motorist." Mr. Hart also testified as follows:

> **Question:** "Okay, so you would agree that on the declarations page lists the two companies that he was doing business as. Correct?"
>
> **Answer:** "That's right."

Based on the above, Defendant's 30(b)(6) representative acknowledges that "Paul's Discount Store" or the "two companies" are covered. Thus, it can plausibly be argued that "Paul's Discount Store" or the "two companies" encompass more than Paul Crane individually, and therein is the ambiguity.

In the instant Motion for Reconsideration, Defendant Liberty Mutual Insurance Company requests this Court to reconsider its previously entered denial of Defendant's Motion for Summary Judgment. Defendant maintains two arguments in his Motion to Reconsider. First, Defendant reiterates its earlier argument that there is no ambiguity in the insurance policy. Second, Defendant submits that even if there is an ambiguity in the policy, Plaintiff may not recover. Defendant contends that, regardless of whether the policy is an individual policy or a business policy, the Uninsured Motorist endorsement itself did not cover Plaintiff's decedent, and that the endorsement does not contradict Mississippi statutory requirements for Uninsured Motorist Coverage. Therefore, according to Defendant, uninsured motorist benefits should not be allowed.

## LEGAL ANALYSIS

This Court in its previous Order noted that since this is a diversity case it is *Erie* bound to follow Mississippi law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In making an *Erie* guess, "[The Court] emphatically [is] not permitted to do merely what we think best; we must do that which we think the Mississippi Supreme Court would deem best." *Jackson v. Johns–Manville Sales Corp.*, 781 F.2d 394, 397 (5th Cir.) (en banc), *cert. denied*, 478 U.S. 1022, 106 S.Ct. 3339, 92 L.Ed.2d 743 (1986). This Court further pointed out the strong tendency of the Mississippi Supreme Court to liberally construe the provisions of the Mississippi Uninsured Motorist Act. *See, Harris v. Magee*, 573 So.2d 646, 651 (Miss.1990); *Wickline v. United States Fidelity and Guar. Co.*, 530 So.2d 708, 712 (Miss.1988); *Rampy v. State Farm Mut. Auto. Ins. Co.*, 278 So.2d 428, 431–32 (Miss.1973).

Since this Court entered its original opinion in this matter, the Mississippi Supreme Court has handed down another decision on uninsured motorist coverage. *See J & W Foods Corp. v. State Farm Mut. Auto. Ins. Co.*, 1998 WL 240158 (Miss.1998). Although the facts of that case are not analogous to this case, the language in that decision is most instructive.[2] In *J & W Foods Corp.*, the Mississippi Supreme Court, in a five to three decision, stated the following:

[T]his Court interprets and construes insurance policies liberally in favor of the insured, especially when interpreting exceptions and limitations. *State Farm Mut. Auto., Ins. Co. v. Latham*, 249 So.2d 375, 378 (Miss.1971); *American Hardware Mut. Ins. Co. v. Union Gas Co.*, 238 Miss. 289, 293, 118 So.2d 334, 335 (Miss.1960). Mississippi law also recognizes the general rule that provisions of an insurance contract are to be construed strongly against the drafter. *Nationwide Mut. Ins. Co. v. Garriga*, 636 So.2d 658, 662 (Miss.1994), *Williams v. Life Ins. Co. of Georgia*, 367 So.2d 922, 925 (Miss.1979).

An ambiguity in an insurance policy exists when the policy can be interpreted to have two or more reasonable meanings. *See Insurance Co. of North America v. Deposit Guaranty Nat. Bank*, 258 So.2d 798, 800 (Miss.1972). When the language of a policy is subject to more than one reasonable interpretation, this Court will apply a construction permitting recovery. *State Farm Mut. Auto. Ins. Co. v. Scitzs*, 394 So.2d 1371, 1372 (Miss.1981); *State Farm Mut. Auto. Ins. Co. v. Taylor*, 233 So.2d 805, 811 (Miss.1970). If there is an ambiguity within a policy of insurance, then the intention of the parties to the insurance contract should be determined based upon what a reasonable person placed in the insured's position would have understood the terms to mean. *See Key Life Ins. Co. of S.C. v. Tharp*, 253 Miss. 774, 781, 179 So.2d 555, 558 (1965). Where a clause of an insurance policy subject to dispute involves exceptions or limitations on the insurer's liability under the policy, this Court construes the policy even more stringently....

In a previous uninsured motorist coverage case, this Court allowed coverage for individuals, even though the policy at issue was one in which a non-individual was the named insured. In *Cossitt v. Nationwide Mut. Ins. Co.*, 551 So.2d 879 (Miss.1989), this Court found that a church which paid for uninsured motorist coverage on its buses should not have expectations any different from that of an individual policyowner with regard to stacking.... This Court ... recognized that the injured individuals were insured under the church's policy, despite the fact that they were not actually "occupying" the insured vehicle. *Id.*

*Id.* at 2–3.

The majority opinion in *J & W Foods Corp.* illustrates the extent to which the Mississippi Supreme Court will go to find coverage in uninsured motorist case. The Mississippi Supreme Court's decision in *J & W Foods Corp.* is in conformity with Mississippi public policy established by a long line of cases.

---

**2.** Although *J & W Foods Corp.* was decided by the Mississippi Supreme Court on May 14, 1998, the opinion has not been released for publication in the permanent law reports and is subject to revision or withdrawal. Nevertheless, the opinion indicates the thinking of a majority of the Mississippi Supreme Court at this time as to the liberal application of the Uninsured Motorist Act.

Mississippi's case law is replete with holdings liberally finding uninsured motorist coverage. *See, e.g., Johnson v. Preferred Risk Auto. Ins. Co.,* 659 So.2d 866, 871–72 (Miss.1995).

In *Moody v. Federated Mut. Ins. Co.* 886 F.Supp. 5 (W.D.Va.1994), the United States District Court for the Western Division of Virginia considered a case with factual circumstances remarkably similar to the instant case. In *Moody,* an employee was injured while test driving an automobile for his employer, a Chevrolet dealership. *Id.* at 5–6. The employee brought a declaratory judgment action against the Chevrolet dealership's insurer to determine his entitlement to coverage under the insurance policy. *See id.* at 6. In pertinent part, the *Moody* court held:

> The [insurance policy] provided [the dealership] with liability insurance on all autos. The express terms of the policy, however, sought to limit the uninsured motorist coverage to owned autos only. In doing so, the policy violates the Virginia statute requiring uninsured motorist coverage on all motor vehicles covered by a liability policy. Because the automobile that [the employee] was driving at the time of the accident would have been covered under the liability portion of the [insurance] policy, the statute mandates that the policy provide uninsured motorist coverage as well. Since the limitation on uninsured motorist coverage in the policy conflicts with the statute, it is void.... Accordingly, the court concludes that [the employee] was driving a "covered auto" at the time of the incident and therefore is an insured under the terms of the policy.

*Moody,* 886 F.Supp. at 7.

Subsequent to the *Moody* decision a federal district court sitting under diversity jurisdiction and interpreting the same Virginia statute as interpreted by the *Moody* court reached the same conclusion. After the case was appealed to the Fourth Circuit Court of Appeals, the Fourth Circuit certified the question to the Supreme Court of Virginia and it, in the case of *Stone v. Liberty Mut. Ins. Co.,* 253 Va. 12, 478 S.E.2d 883 (1996), reached a conclusion that is consistent with that argued for by the Defendant in the instant case. The *Stone* ruling clearly determined that the *Moody* decision is no longer good law in the State of Virginia. *See Stone,* 478 S.E.2d at 883 However, in view of the decision of the Mississippi Supreme Court in *J & W Foods Corp,* this Court has little doubt that the Mississippi Supreme Court would reach a decision contrary to that of the Virginia State Supreme Court and consistent with the Court in *Moody.*

For purposes of Uninsured Motorist coverage, the Mississippi Supreme Court has recognized two categories of insureds: (1) Those designated as "named insureds" and (2) those who, although not named insureds, occupy "a vehicle to which the policy applies." This is consistent with the language of section 83–11–103(b) which defines the term "insured" under uninsured motorist statute as follows: "[T]he term "insured" shall mean the named insured ... and any person who uses with the consent, express or implied, of the named insured, the *motor vehicle to which the policy applies* and a guest in such motor vehicle to which the policy applies...." Miss.Code Ann. § 83–11–103(b) (emphasis added). In the dissenting opinion in *Stone,* Justice Koontz discussed the Virginia Uninsured Motorist Statute, which has statutory language like that found in Mississippi's Uninsured Motorist Statute, and observed:

> The express language "to which the policy applies" modifies "the motor vehicle." There can only be two interpretations of the phrase "the policy" when subsection (B) is read, as it must be, in context with subsection (A). This phrase can only mean "the uninsured motorist policy" or "the liability policy." The former interpretation must be rejected because it would render the entire statute meaningless. This is so because the mandate of subsection (A) for uninsured motorist coverage for an "insured" would never be invoked by a definition of insured under subsection (B) that is restricted to a user of a motor vehicle that already has uninsured motorist coverage. Rather, it is manifest that the legislature intended this phrase to refer to the liability coverage provision described in subsection (A), so that the phrase means "the motor

vehicle to which the *liability* policy applies."

*Stone,* 478 S.E.2d at 887 (Koontz, J., dissenting) (emphasis added).

As already pointed out, the parties in the case *sub judice* stipulate that the motor vehicle in which Plaintiff's decedent was riding at the time of the incident was covered under the liability provisions of the subject policy. This Court is of the opinion, as was Justice Koontz in the dissenting opinion in *Stone,* that "the motor vehicle to which the policy applies" referenced in section 83–11–103(b) applies to *motor vehicles covered by the underlying liability policy.* In sum, this Court concludes that the Mississippi Supreme Court would find and require uninsured motorist coverage where there is liability coverage.

Defendant relies on the case of *Berry v. Aetna Cas. & Sur. Co.,* 607 F.Supp. 397 (S.D.Miss.1985), in which a sister court in this district concluded that the president of a closely held corporation was neither a first class nor a second class insured. *See Berry,* 607 F.Supp. at 398. However, the court in *Berry* did find coverage under a broadened coverage endorsement. *See id.* at 398–99. The *Berry* Court also concluded that second class insureds could not stack. *Id.* The Mississippi Supreme Court has since decided the stacking issue to the contrary. *See United States Fidelity & Guar. Co. v. Ferguson,* 698 So.2d 77 (Miss.1997). Furthermore, unlike the case *sub judice,* there was no indication given that the plaintiff in *Berry* was covered by his corporation's liability policy or that he was in the course and scope of his employment when injured. *See Berry,* 607 F.Supp. 397. In view of *J & W Foods Inc.,* this Court is of the opinion that *Berry* does not reflect current Mississippi law as enunciated by subsequent Mississippi Supreme Court decisions.

If this Court had the power, it would certify this issue to the Mississippi Supreme Court and let that Court make the decision since this is a case of first impression in Mississippi. This Court, however, does not have the authority to certify the issue. Consequently, being bound to decide this issue as this Court believes the Mississippi Supreme Court would decide the issue, the Court concludes that the Plaintiff's decedent was covered under the uninsured motorist provisions of the policy.

■ The Court reaches this conclusion for two reasons. First, in the opinion of this Court, the Mississippi Supreme Court would find, on an insurance policy issued to a business or corporation, that the named insured includes all of the agents, servants, and employees of the business or corporation while in the course and scope of their employment. A business entity can act only through its principals, agents or employees and is incapable of driving an automobile itself. Therefore, it is logical to conclude that an insurance policy purchased for a business would provide coverage—liability and uninsured motorist—to and for all of the employees of the business while they are in the course and scope of their employment for the business which is the named insured. Second, it is the opinion of this Court, in accordance with the same reasoning as reflected by the dissent in *Stone,* that the Mississippi Supreme Court would conclude that the vehicle in which the plaintiff's decedent was riding was a "covered vehicle" because it was a vehicle insured under the liability provisions of the subject policy. *See* Miss.Code Ann. § 83–11–103(b). For both of these reasons the uninsured motorist coverage should be co-extensive with the liability coverage.

In light of the policy's ambiguity regarding the named insured, as well as the conclusions reflected above, Defendant's Motion to reconsider this Court's previous denial of Defendant's Motion for Summary Judgment is denied.