United States Court of Appeals
Fifth Circuit

**F I L E D**

January 16, 2007

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FIFTH CIRCUIT

No. 06-60562
Summary Calendar

PHARMACISTS MUTUAL INSURANCE COMPANY,

Plaintiff - Counter Defendant - Appellee,

versus

GARY HARDY, Individually and as Administrator of the Estate of
Wayne Hardy,

Defendant - Counter Claimant - Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
(1:04-CV-112)

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Gary Hardy challenges a declaratory judgment, denying benefits under a commercial automobile policy issued by Pharmacists Mutual Insurance Company (PMIC).

In September 2003, Hardy's son was killed in an automobile accident in Booneville, Mississippi while driving Hardy's vehicle. Hardy seeks $250,000 in underinsured motor vehicle benefits under a commercial automobile policy, issued by PMIC. Following a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

September 2005 bench trial, the district court entered a declaratory judgment in favor of PMIC.

Because federal jurisdiction is premised on diversity grounds, we apply Mississippi substantive law. *See **Erie R. Co. v. Tompkins***, 304 U.S. 64 (1938). In addition, "[t]he standard of review for a bench trial is well established: findings of fact are reviewed for clear error and legal issues are reviewed *de novo*". ***In re Mid-South Towing, Co.***, 418 F.3d 526, 531 (5th Cir. 2005) (internal citation and quotation marks omitted). Interpretation of an insurance policy is a question of law, reviewed *de novo*. ***Allstate Ins. Co. v. Disability Serv. of the Southwest, Inc.,*** 400 F.3d 260, 263 (5th Cir. 2005).

The district court ruled: Hardy's vehicle, operated by the decedent at the time of the accident, was *not* a covered vehicle under the PMIC commercial policy; instead, it was insured under a personal insurance policy issued by a *different* insurer. Accordingly, it concluded: because the decedent was *not* operating a covered vehicle at the time of the accident, there could be no recovery under PMIC's policy. *See **Crane v. Liberty Mut. Ins. Co.***, 19 F.Supp. 2d 654, 659 (S.D. Miss. 1998) ("covered vehicle" is a "vehicle insured under the liability provisions of the subject policy".); *see also* Miss. Code Ann. § 83-11-103(b) (1999). This conclusion, *not challenged* by Hardy, is dispositive of this appeal. (Hardy disputes the district court's ruling concerning other reasons the decedent was not an "insured" under the terms of the

PMIC policy.  Because the district court did not err in its not-covered-vehicle ruling, we need not reach this issue.)

**_AFFIRMED_**